## H. W. H. ZAPP V. C. C. JOHNSON AND S. S. DICK.

### No. 274.

**Landlord's Lien on Crops—Purchase from Tenant.**

One who buys agricultural products grown upon rented land within the time the lien by statute exists, and converts same to his own use, may be sued by the landlord for the value of the property, if it does not exceed the rent due; and if it should exceed the rent due, then for the amount of the rent. The landlord is not bound to resort to the property by distress warrant against such purchaser. Liability accrued upon the conversion of the property while subject to the lien . . . .  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  . . . . . .  643

CERTIFIED QUESTIONS from Court of Civil Appeals for First District, in an appeal from County Court of Colorado County.

*Kennon & Adkins,* for appellant.—Dick having purchased from C. C. Johnson, the tenant of appellant, cotton raised on appellant's farm and converted same to his own use, and placed same beyond the reach of appellant within thirty days from the time of its removal from said rented premises, and this with the knowledge on the part of the said Dick that said cotton was raised on appellant's rented premises, that said Johnson was his tenant, and that appellant, as landlord, had a lien on said cotton for the rent, is liable to the appellant in damages for the conversion of his said security; which cause of action arose upon the conversion of the security, and is only barred by two years' limitation. Taylor v. Felder, 23 S. W. Rep., 480; Ghio v. Byrne, 27 S. W. Rep., 243; Focke v. Blum, 82 Texas, 436.

*Foard, Thompson & Townsend,* for appellees.—The statute which creates the preference lien in favor of the landlord for rents and advances definitely fixes and limits the period of its existence and life

after the tenant's property leaves the rented premises, without the landlord's consent, to one month, and when property raised upon rented premises has been removed therefrom without the consent of the landlord, for more than one month before the institution of proceedings to foreclose said lien, said lien is barred and lost, having expired by the very terms of the law which gave it existence. The fact that a purchaser may know, when he buys the property, that he is buying from a tenant, raised upon rented premises, does not and can not affect the limit fixed by law upon the life and existence of the landlord's lien. When the time expires the lien is gone. When one month's time has elapsed between the removal of the property and the institution of proceedings to foreclose the lien, the landlord stands exactly as if he had never had any lien; and the lien thus lost is a defense of which even the tenant can plead. No one knows better than a tenant as to where he has raised the property and the fact that a lien exists thereon, and if under such circumstances he can make the defense, there is much more reason why a purchaser from him should be allowed to do so, and especially where said tenant assures the purchaser, at the time, that he owes the landlord nothing. Taylor v. Felder, 23 S. W. Rep., 480; Randall v. Rosenthal, 27 S. W. Rep., 906; Jenkins v. Patton, 21 S. W. Rep., 693; Sayles' Civ. Stats., arts. 3108, 3109.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First District has certified the following statement and questions:

"Dick purchased of Johnson, a tenant of plaintiff, and converted to his own use, two bales of cotton raised on the premises rented by Johnson of plaintiff, and subject to plaintiff's lien for rent within thirty days after it had been removed by the tenant from the rented premises. No distress warrant was sued out or other proceeding begun by plaintiff to enforce his lien or collect his rent until after thirty days after the removal and conversion of the property. But within a few days from such removal and conversion, plaintiff demanded of Dick the production of the cotton, and on his refusal to produce it sued out a distress warrant against the tenant, and in the suit joined Dick and sought judgment against him for the value of the cotton so converted.

"The question submitted is, was the right of plaintiff to hold Dick liable for the value of the cotton which was converted within the thirty days, so far as necessary to satisfy plaintiff's claim for rent, barred by his failure to proceed within thirty days; or did Dick, by his conversion of the property while it was charged with the lien, incur a liability to the plaintiff which was unaffected by plaintiff's failure to institute proceedings within thirty days after the removal of the property from the rented premises?"

Article 3107 of the Revised Statutes gives a lien upon the crops raised on rented premises, to secure the rents; by article 3108 the tenant is forbidden to remove the property from the premises without the consent of the landlord, and under article 3109 the lien continues for one month after the property shall have been removed from the rented premises.

One who purchases agricultural products produced upon rented premises, or other property liable to the landlord's lien for rent, within the time that the lien continues thereon, and converts the same to his own use, may be sued by the landlord for the value of the property, if it does not exceed the rent due, and if it should exceed the rent, then for the amount of the rent. Boydston v. Morris, 71 Texas, 697; Prettyman v. Unland, 77 Ill., 206; Thorton v. Strauss & Steinhardt, 79 Ala., 164; Holden v. Cox, 60 Iowa, 449.

The plaintiff was not bound to resort to the property by a distress warrant to enforce the lien thereon after the cotton had been converted by the defendant. Plaintiff's right of action against Dick accrued when the conversion took place, and it was not affected by the fact that the suit was not instituted within thirty days after removal of the property from the premises. As to Dick, it was not a proceeding to subject the property to the lien, but to recover damages for the conversion of the property on which the lien existed.

The right to hold Dick responsible for the value of the property to the extent of the rent unpaid was not barred by the failure to sue within the thirty days.

Delivered April 15, 1895.