## SEXTON RICE & IRRIGATION COMPANY ET AL. v. MANLEY SEXTON ET UX.

Decided December 11, 1907.

**1.—Landlord and Tenant—Lien—Limitation.**

In a suit by a landlord against his tenants for rent and against third parties for conversion of the agricultural products, the evidence showing that plaintiff's suit was filed within less than two years from the time said products were received by said third parties, plaintiff's suit was not barred by the two years statute of limitation. Various pleadings and amendments considered, and held to assert the same cause of action.

**2.—Tort—Parties—Practice.**

In cases of tort the injured party may sue one or all of the wrongdoers, and after making all the wrongdoers parties defendant he may dismiss as to one or more without affecting his right to prosecute his suit against the others, unless the pleadings of the defendants raise issues among themselves which require adjudication.

**3.—Dismissal—New Parties—Practice.**

A defendant who permits without objection the dismissal from the suit of a codefendant, cannot complain of the action of the court in refusing to allow him, when the case is called for trial, to make said codefendant again a party

to the suit in order that he might ask for judgment over against such code-fendant, especially when the trial of the cause would be thereby delayed.

#### 4.—Testimony—Recollection of Witness.

A witness was allowed to testify that a certain quantity of rice was all delivered to two defendants, and from the best of his recollection,. without data, less than half was delivered to one defendant and. more than one half to the other defendant. Held, not subject to the objection that the testimony was an estimate based on recollection, and did not purport to be facts.

#### 5.—Same—Trial before Judge.

Where a trial is before the judge without a jury, the admission of testimony of doubtful competency is not cause for reversal, especially when other testimony to the same effect has been admitted without objection.

#### 6.—Landlord and Tenant—Reduction of Acreage.

Where, after the lease of certain premises, a part of the same was sold by the landlord and the tenant deprived of its use to that extent, a proportionate reduction in the rent would be the prima facie effect in the absence of evidence indicating a different rule.

#### 7.—Landlord's Lien—Purchaser of Crop.

One who purchases a crop from a tenant and converts the same to his own use within thirty days after its removal from the rented premises, is liable to the landlord for the value of the crop converted, and the fact that the landlord took no steps to prevent the conversion, is immaterial.

#### 8.—Tort Feasors—Several Liability.

The rule that satisfaction by one joint tort feasor discharges the other, has no application where two tort feasors convert different parts of the same crop. They are not joint tort feasors.

#### 9.—Same—Non-suit—Effect.

In a suit against several joint tort feasors, the plaintiff, in consideration of a certain sum paid by one of the defendants, agreed to dismiss and did dismiss the suit as to him, expressly reserving the right, however, to prosecute the suit against the other defendants for the balance of the damages claimed. Held, that the plaintiff did not lose his right to prosecute the suit against the other defendants by the compromise with the first defendant.

#### 10.—Landlord's Lien—Conversion of Crop—Limitation.

When a third party converts to his own use a crop during the existence of the landlord's lien thereon it is not necessary that the landlord file his suit for such conversion during the existence of the lien.

Appeal from the District Court of Matagorda County. Tried below before Hon. Wells Thompson.

*Gaines & Corbett,* for appellant.—Where by amended petition plaintiff dismisses his suit against part of the defendants and sues for a smaller amount, alleging a conversion of a smaller and different amount of personal property, and prays for other and different relief, such amendment sets up a new cause of action. Morrison v. Walker, 22 Texas, 19; Jones v. Bull, 90 Texas, 191; Gulf, C. & S. F. Ry. Co. v. Thompson, 4 W. & W., 219.

The cause of action of the plaintiffs against this defendant, if any, is for damages for conversion, and not for debt, and the allegation as to such conversion controls, and not the allegation as to original debt. Zapp v. Johnson, 87 Texas, 641.

Where more than one person is concerned in the commission of a wrong, the injured party may sue one or all at his choice, but when he has made his choice he is concluded by it. Pullman Co. v. Norton, 14 Texas Ct. Rep., 860; Fouts Bros. v. Ayres & Co., 11 Texas Civ. App., 338, and cases cited; Hardy v. Broaddus, 35 Texas, 687; Webb's Pollock on Torts, p. 230; 28 Am. & Eng. Cyc. of Law, 2d ed., p. 684.

Where the plaintiffs, by their own voluntary action, dismiss as to a party defendant who is liable for the debt, or any portion thereof, after the running of the statute of limitation, such plaintiffs are estopped from asserting liability as against the remaining defendants on account of such debt. Pullman v. Norton, 14 Texas Ct. Rep., 860; Wahrmund v. Edgwood Distilling Co.; 32 S. W. Rep., 227; Equitable Mortgage Co. v. Kempner, 84 Texas, 104; Willis v. Holland, 13 Texas Civ. App., 693; Brown v. Thompson, 79 Texas, 58; 1 Story's Equity Jurisprudence, sec. 633.

The opinion of a witness as to the length of time it would require for a car to go from one point to another on a railroad is not admissible to prove time intervening from the date of the threshing and removal of the rice from the rented premises to its delivery in Houston, but the facts should be testified to and the court or jury left to determine the time. Moore v. Kennedy, 81 Texas, 145; Galveston, H. & W. Ry. v. Hall, 78 Texas, 175.

Where the depositions of a witness have been taken by a party to a suit, and such depositions are read in evidence, a second set of depositions that were taken without leave of the court, are improperly taken and are not admissible evidence. Evansich v. Gulf, C. & S. F. Ry., 61 Texas, 28.

The pleadings of the plaintiff having alleged a gross sum as a rental price on 2,000 acres of land, and having set up a sale of 200 acres thereof subsequent to said lease contract, it was 'error for the court to permit testimony of the agreed price per acre for the rental in order to arrive at the rental value of the remaining 1800 acres of land, there being no pleadings by the plaintiffs upon which to base such proof. Tinsley v. Penniman, 83 Texas, 56; Pacific Express v. Darnell Bros., 62 Texas, 641.

Where produce is removed from rented premises by a tenant, and held by him for more than thirty days before suit is filed to foreclose lien, such suit is lost, or waived by the landlord, and conversion by amendment more than six months after the removal will not create liability as against one dealing with such property. Jenkins v. Patton, 21 S. W. Rep., 693; Gilliam v. Smither, 33 S. W. Rep., 984.

The court erred in failing to enter judgment in favor of this defendant and in finding in favor of plaintiffs, because all of the pleadings of the plaintiffs show that the cause of action, if any, was the result of acts committed by the Bay City Rice Milling Company and this defendant, and that plaintiffs having asked a joint and several judgment against said company and this defendant, and having afterwards had a full and complete settlement with the Bay City Rice Milling Company, and having pleaded and ad-

mitted the same, which operated as a full and complete accord and satisfaction of plaintiffs' entire cause of action. McGehee v. Shafer, 15 Texas, 204; Abb v. Northern Pacific Ry. Co., 58 L. R. A., 293; 24 Am. and Eng. Cyc. of Law, pp. 306, 307, 308; 28 Am. and Eng. Cyc., p. 685; 1 Cyc., pp. 317 and 318.

*E. F. Higgins* and *J. W. Conger,* for appellees.

JAMES, CHIEF JUSTICE.—A statement of the pleadings is necessary. Manley Sexton and his wife filed their original petition on December 31, 1903, alleging a written contract of lease of 2000 acres for ten years from January 1, 1902, to the Sexton Rice & Irrigation Co., the rental for the year 1903 being $4000, payable on December 1, 1903. That 200 acres had been sold and 1800 acres remained under the lease, the proportionate part of which rental for 1903 is $3600, and the sum now due is that amount less a payment of $1000 on December 10, 1903, to wit: $2600. The defendants were the Sexton Rice & Irrigation Co., the Bay City Rice Milling Co. and the Houston Rice Milling Co. That said 1800 acres has been cultivated in rice by the defendant during 1903. That about 1600 sacks raised by the defendant on said land has been removed from the premises and delivered to, and is in possession of the Bay City Rice Milling Co. to be milled and prepared for market, which Milling Co. is asserting some claim thereto. And in addition to said 1600 sacks a large amount of rice raised by defendant's sub-tenants has been delivered to said Milling Co., in whose warehouse it is; and plaintiffs are unable to give a more exact description of all said rice, and that about 10,000 sacks raised upon said 1800 acres by defendant and its sub-tenants had been removed from the premises and delivered to the Houston Rice Milling Co. to be prepared for market, and that the latter is claiming to have a lien of some nature thereon. That plaintiffs have a statutory landlord's lien on all of said rice so produced on the land in 1903 to secure said balance of rental of $2600, and pray for judgment against the Sexton Rice & Irrigation Co. for said sum with interest from December 1, 1903, and against each and all of defendants for a decree establishing and foreclosing plaintiff's landlord's lien on all the rice raised upon said 1800 acres and now in the possession of said Bay City Rice Milling Co. and the Houston Rice Milling Co., for order of sale and general relief.

The 5th paragraph of said original petition contained allegations concerning plaintiffs' inability to obtain exact information as to the number of sacks of rice in the hands of said Milling Company and description thereof, such exact information being wholly in the knowledge of defendants, their agents and employees and books, which defendants were unwilling to disclose and there was a prayer for an order to compel defendants and each of them to produce such books and other memoranda. This fifth paragraph was verified by affidavit.

The Irrigation Company answered by general demurrer and general denial.

On June 13, 1904, plaintiffs filed their first amended original petition, changing the pleading by alleging that about 3000 sacks of said rice, of the value of $9000, had been converted by the Bay City Rice Milling Company to its own use and benefit within 30 days after its removal from the premises, without the consent of plaintiffs, and while plaintiffs had a lien thereon. That about 5000 sacks of the value of $15,000 had been removed from the rented premises without the consent of plaintiffs and had been converted by the Houston Rice Milling Company to its own use and benefit, while plaintiffs had their lien thereon. This pleading also alleged that by reason of the premises each of the defendants had become jointly and severally liable to plaintiffs for the payment of the $2600 and interest, and prays for judgment for said sum against defendants jointly and severally with interest and costs and for general relief. No foreclosure of lien was asked in this amendment.

On July 9, 1904, plaintiffs filed a pleading, endorsed, "plaintiff's 1st original petition praying that the Colorado Valley Rice Milling Co. be made party def't." This, upon allegations, prayed that said Colorado Valley Rice Milling Company be cited and made a party and on the trial that plaintiffs have judgment against it, together with the other defendants jointly and severally for said sum of $2600 and interest and costs, and general relief. In January, 1905, the Colorado Valley Rice Milling Company answered by general demurrer and denial, and on January 18, upon plaintiff's motion, said company was dismissed.

On April 24, 1905, plaintiffs amended by a second amended petition. This was the same as the first amended original petition except that the Bay City Rice Milling Company was alleged to have converted 4000 sacks of rice, delivered to it by the Irrigation Company and tenants, of the value of $12,000, and that the Houston Rice Milling Company had received and converted 8000 sacks of the value of $24,000. The prayer of this petition was for money judgment of $2600 and interest against defendants jointly and severally, and for general relief. No foreclosure of lien was asked in this pleading.

On June 4, 1906, plaintiffs filed their third amended petition, upon which this trial was had, alleging the same with reference to the rice contract, cultivation of rice and their lien, etc., and further alleging that the rice had been harvested and sacked, and that about 2500 sacks valued at $7500 had been removed from the rented premises and delivered to and converted by the Houston Rice Milling Company within 30 days after removal, and while plaintiffs had a lien thereon, and that the Sexton Rice & Irrigation Company was insolvent at the time. It stated a payment made on April 30, 1906, and asked for judgment against defendants jointly and severally for the sum of $2104.52 with interest and costs and general relief. In this petition the Bay City Rice Milling Company was not complained of in any way. (It may be advisable to state here that on May 30, 1906, the Bay City Rice Milling Company

had paid plaintiffs $875 and had been discharged in reference to plaintiffs' claims against it.)

On the same day, June 4, 1906, the Houston Rice Milling Company filed its third amended original answer, alleging, in addition to a general demurrer and denial, that it acted as a broker without notice of plaintiffs' claim and that the sales made by it were made more than 30 days after the removal of the rice from the rented premises. Also by special plea alleging the insolvency of the Irrigation Company and appointment of a receiver thereof in 1905, that its property had been sold and the proceeds applied to the payment of debts due by it to other parties than defendants, that on May 1, 1903, said Irrigation Company had executed in its favor a first mortgage lien upon the crop raised on the premises in 1903 to secure the payment of $15,000 then advanced and such further advances as might be made, which mortgage provided that such loan and advances were to be repaid by shipping to it at its mill in Houston, on or before December 1, 1903, all rough rice grown on the premises, either their own or controlled by them, the proceeds, the market price, of which were to be applied to the payment of said debt, but that the Irrigation Company had the right at its option to have said rice milled and sold by this defendant and the proceeds applied. That it elected to have the rice milled and sold and defendant did so and rendered account of sales to the Irrigation Company and credited the net proceeds on such indebtedness. That there remained a balance due this defendant; that at a former term the Bay City Rice Milling Company and the Colorado Valley Rice Milling Company were made parties to this suit; that the former had answered admitting having received rice from the Irrigation Company and selling and appropriating same to its use and benefit and that the answer of said Milling Company did not claim any lien on such rice and in fact had none, and the value thereof exceeded the amount of plaintiffs' demand. That a large portion of the rice grown on said premises had been delivered to tenants and to the Bay City Rice Milling Co. and to the Colorado Valley Rice Milling Co., all of which plaintiffs well knew, and well knew that their landlord's lien attached also to such rice, and well knew, or could have known, that this defendant was advancing large sums to said Irrigation Company under said mortgage; and if plaintiffs had any landlord's lien upon any rice they knew, or could have known, that this defendant had a junior lien thereon and it was the duty of plaintiffs to collect their debt so as to least interfere with this defendant in the collection of its debt. That the claims against the tenants and the Colorado Valley Rice Milling Company are now barred, and the voluntary dismissal by plaintiffs of said Milling Companies was laches and caused it and plaintiffs to both lose their cause of action against them unless they were again made parties. That by reason of the premises plaintiffs are estopped from asserting further claim against this defendant; that it was entitled to a marshalling of securities and to have plaintiff first satisfy its claim out of the rice in the hands of said companies, or if sold by them, then this defendant would be entitled to have the judg-

ment so entered that said parties would be first required to ·pay the judgment, or so much thereof as the proceeds would warrant and that this defendant pay only what balance might remain, if any; etc. The prayer was that said Milling Companies · be made parties defendant and that the judgment, if any, be rendered so that it will fully protect this defendant, and also that as to this defendant plaintiffs· take nothing.

On June 5, 1906, plaintiffs filed a motion stating that, as shown by the second amended supplemental petition, they entered into an agreement with the Bay City Rice Milling Company to dismiss their action against it, plaintiffs now formally dismiss same and ask that an order be entered to that effect, which was done as follows:

"Now, on this 5th day of June, 1906, the plaintiffs in this cause asked for and obtained permission to file second amended first supplemental petition, and afterwards the plaintiffs dismissed this cause as to the Bay City Rice Milling Company according to terms of agreement between plaintiffs and Bay City Rice Milling Company, dated April 30, 1906. Houston Rice Milling Company asked for and was given leave to file fourth amended answer."

There appears to have been .no exception taken to this order of dismissal. However, on same date, June 5, 1906, the Bay City Rice Milling Company filed a supplemental answer to said third amended petition of the Houston Rice Milling Company demurring thereto upon the ground that the answer shows no cause of action against it, nor any right to retain it as a party, after being dismissed by plaintiffs; and setting up the said agreement of April 30, 1906, and pleading it in bar of any further prosecution of the suit against it by plaintiffs.

On June 11, 1906, the Houston Rice Milling Company filed its fourth amended answer upon which the trial was had. The pleading is voluminous, and in substance was as follows: General demurrer and denial and plea of the statute of two years before the filing of the third amended petition. Special plea, referring to previous pleadings, and alleging that its liability, if any, to plaintiffs was for a joint tort committed by it and the Bay City Rice Milling Company, and pleading the execution of said agreement for dismissal of April 30, 1906, alleging that said agreement enured to its benefit and operated to release it from any liability to plaintiffs. Also a re-allegation of its special plea that it acted as a broker in selling the rice without any notice of any claim of plaintiffs, and that the sales made by it were all made more than 30 days after the removal of the rice from plaintiffs' premises. Also substantially the matters that were set up in the third amended original answer. The prayer of this pleading was that the Bay City Rice Milling Company be made a defendant and be required to answer herein; that on final hearing plaintiff take nothing against this defendant, and if any judgment against defendant be entered that it be so worded as to fully protect the interests of this defendant and that it have judgment· over against the Bay City Rice Milling Company for any amount it may be required to meet on

account of said judgment. This was the first pleading by which this defendant asked for a judgment in its favor against the Bay City Rice Milling Co.

On June 25, 1906, plaintiffs filed another amended supplemental pleading.

On June 25, 1906, the plaintiffs filed their second amended first supplemental petition, consisting of general demurrer and two special exceptions, a general denial of all the allegations contained in defendant Houston Rice Milling Company's fourth amended answer; reaffirming the allegations of its third amended petition, and denying the right to the special relief prayed for in said fourth amended answer, because the plaintiffs had alleged a several conversion of property upon which the plaintiffs had held a lien, and that the plaintiffs believed that they would be unable to show definitely the amount of rice appropriated by the Bay City Rice Milling Company, and believed that $875 would exceed the value of the rice, and that a settlement for such sum would be advantageous to the plaintiffs; that, acting upon such belief, they made the contract attached to said supplemental answer, dated April. 30, 1906, and marked Exhibit A, and made a part of said answer, alleging that such agreement was made in good faith, and denying the intention of the parties to release the Houston Rice Milling Company by such settlement, and alleging that the contract obliged them to dismiss said cause as to the Bay City Rice Milling Company, and that they did so on the 5th day of June, 1906, setting up that the settlement inured to the benefit of the Houston Rice Milling Company to the extent of the amount received, and that the Houston Rice Milling Company had asserted no right of contribution or other relief against the Bay City Rice Milling Company prior to June 4, 1906, such date being subsequent to the making of the agreement relied upon; pleading that the relief prayed for came too late, was a stale demand, and setting up estoppel; setting up that to grant the relief insofar as the making of the Bay City Rice Milling Company a party, would delay the trial of the cause, and pleading that the rice converted by the Bay City Rice Milling Company was covered by a chattel mortgage given by the Sexton Rice & Irrigation Company for moneys loaned to the Sexton Company by the said Milling Company, and that the rice so converted was insufficient to reimburse such advances, and alleging that the dismissal was had without objection from the Houston Rice Milling Company, and that J. W. Gaines, one of the attorneys for Houston Rice Milling Company, withdrew his objections in open court.

On the 25th day of June, 1906, the Houston Rice Milling Company filed its first supplemental petition, answering the pleadings of the plaintiffs, consisting of a general demurrer and five special exceptions, and a general denial of all the allegations of the second amended first supplemental petition, except those admitting the settlement with the Bay City Rice Milling Company, its codefendant, and alleging that such settlement was a full and complete adjustment of all the matters in controversy between the parties and the

several defendants, and specially denying that it ever acquiesced in and agreed to the dismissal of the Bay City Rice Milling Company as a party defendant from the cause, or that it ever announced in open court such admission or agreement, but specially denying such admission.

And on the 25th day of June, 1906, both parties announcing ready for trial on the law of the case, the prayer of the defendant Houston Rice Milling Company that the Bay City Rice Milling Company be again máde a party defendant to the suit was considered by the court, and such prayer was refused, to which action of the court defendant excepted; the court on the same day overruled all of the general and special exceptions of the Houston Rice Milling Company, except exception No. 2 to the plaintiffs' supplemental petition, to which action of the court the defendant Houston Rice Milling Company excepted, except as to the sustaining of exception No. 2, and as to that the plaintiffs excepted, and on the same date the demurrers and exceptions of the plaintiffs to the defendant Houston Rice Milling Company's pleadings were overruled, to which action of the court plaintiffs excepted.

The causes having been submitted to the court without the intervention of a jury, and after plaintiffs had submitted their testimony, the defendant Houston Rice Milling Company filed its motion requesting the court to render a judgment for the defendant, for the reasons set out in said motion, which motion was by the court overruled and refused, to which action of the court the Houston Rice Milling Company, defendant, excepted. And the trial proceeded and resulted in a judgment in favor of the plaintiffs and against Sexton Rice & Irrigation Company and Houston Rice Milling Company for $2,124.14.

*Opinion.*—The second and nineteenth assignments raise a question of limitations, appellant contending that plaintiffs' cause of action was barred by the two years statute. The pleadings of plaintiffs show that the suit, as originally brought, was for a money judgment against the Irrigation Company and against all parties then made, for foreclosure of a statutory lien on the rice in the hands of the Bay City Rice Milling Company and the Houston Rice Milling Company. The first amended petition changed this into a demand based on a conversion of the rice, and all of plaintiffs' subsequent amended pleadings preserved the form of demand. The first amended petition was filed on June 13, 1904. The testimony showed that appellant and the Bay City Rice Milling Company received the rice in September, October, November and December, 1903. Consequently there is no ground for the claim that two years had run. We regard as of no merit whatever the contention that the third amended petition set up a new cause of action. We overrule said two assignments.

The ninth and tenth assignments are in effect that the court erred in dismissing the Bay City Rice Milling Company as a party because appellant had the right to have it continued as a party defendant, the pleadings of plaintiff having alleged a joint tort and

asked for a joint and several judgment; and that the court also erred in refusing to grant the prayer of appellant contained in its fourth amended answer in which it asks that the Bay City Rice Milling Company be again made a party. Appellant in this connection presents the following propositions:

1st. Where the pleadings of one defendant ask for affirmative relief against a codefendant, the plaintiff can not dismiss such party. 2d. Where wrongdoers are jointly sued and a joint and several judgment is asked, it is the duty of the court to assess judgment against the defendants jointly, according to the equitable interests of the defendants, and the plaintiff can not dismiss as to one and deprive the other of such right. 3d. Where more than one person is concerned in the commission of a wrong, the injured party may' sue one or all, but when he makes his choice he is concluded by it.

The last of these propositions is unsound, particularly in cases of tort. The second is likewise an erroneous declaration of the law, unless the pleadings of a defendant set up some state of facts recognized as creating a right in its favor as against the other defendants. The first of these propositions is the only one which professes to present such a matter and this we shall discuss. It appears that on June 5 the Bay City Rice Milling Company answered appellant's third amended answer, which was filed June 4, 1906. Whether or not this was after the order had been made dismissing it on June 5 does not expressly appear. If it entered an appearance and answered a pleading of appellant after having been dismissed this would have constituted a new appearance, and it would have been before the court in respect to any relief asked of it by appellant in such pleading. But inasmuch as its said pleading demurred to appellant's right to retain it as a party, after its dismissal, and did not plead the order of dismissal, but only an agreement by plaintiffs to dismiss it as a fact, we take it that such demurrer had reference to the fact that plaintiffs' amended petition then in force had omitted it as a party and sought no judgment against it (the Bay City Rice Milling Company). The view, that the Bay City Rice Milling Company did not, by its said answer, make itself a party after its dismissal from the case, is corroborated by the fact that on June 11, when appellant filed its fourth amended answer, it asked to have the Bay City Rice Milling Company made a party, and when the case was reached for trial appellant did not treat it as having appeared again after dismissal, but on the contrary treated the dismissal as effective and alleged it, and moved the court to have it made a party defendant and required to answer as prayed for in the fourth amended answer of appellant. It is evident from appellant's own pleadings that the Bay City Rice Milling Company did not appear after the order of dismissal.

It seems to us that having allowed the court to enter an order of dismissal without excepting thereto, appellant could not afterwards, when the trial was reached, place itself in a position to complain of such ruling, by having the court overrule a motion then made to have the dismissed party cited and excepting thereto.

The utmost benefit appellant could obtain from the last stated ruling and exception would be the right to complain of being refused the privilege or right to have the Bay City Rice Milling Company made a party at that time as an original matter. It would hardly be seriously contended, after the case had been progressing for several years, that it was an abuse of the court's power to refuse, after announcement of ready, to allow a defendant to have new parties brought in for its benefit, and especially where they had been parties and were recently dismissed without exception taken to such order. There are cases, such as partition, where every person interested is a necessary party, and cases of indispensable parties, in which such a course would be required, although productive of delay. But this was not of that character of cases. If appellant was entitled, by reason of its mortgage contract, to relief against the Bay City Rice Milling Company, it might as well be asserted in a separate suit as in this one. We therefore overrule the tenth, ninth and eleventh assignments.

Under the twelfth, thirteenth, fourteenth and fifteenth assignments several questions are raised in reference to testimony: That T. A. Stone was allowed to testify that the rice was all delivered to the Houston Rice Milling Company and the Bay City Rice Milling Company, and that from the best of his recollection without data that less than half of the four or five thousand sacks was delivered to the latter and more than half to the former. Also that same witness was allowed to testify in answer to the question: "How many days was it at the greatest calculation from the time the rice was threshed until it was received by the Houston Rice Milling Company?" that "it would not take over two or three weeks at the most; if a car went straight it would not take more than two or three days, but cars are subject to delays; it certainly never would take over two weeks." Also asked: "Would it be more than 30 days or less than 30 days from the date of threshing before it was received by the Houston Rice Milling Company from the Sexton Irrigation Company?" Ans. "It would be less than thirty days."

The testimony first quoted was objected to because the answer showed the witness had no data by which he could testify, and because the testimony was an estimate based on recollection and did not purport to be facts. We overrule this as the testimony was of a fact and his stating it from recollection did not serve to condemn it as testimony, as witnesses generally testify to facts from recollection. The objection went more to its weight. The other testimony quoted was more of a fact than of a mere conclusion. However, the case was tried by the judge and there is no charge made by appellant that there was not ample other testimony to establish the facts indicated by the above answers. Texas & Pac. Ry. v. Rutherford, 68 S. W. Rep., 826; Beham v. Ghio, 75 Texas, 90; Smith v. Lee, 82 Texas, 130.

The fourteenth is that there was error in admitting a deposition of T. W. Ford, over the objection that said witness's deposition had been taken on June 4, 1904, which had been read in evidence, and the deposition in question, a second deposition, was

taken by the Houston Rice Milling Company without an order of court. It appears that plaintiffs had the first deposition taken and that appellant itself had the second one taken. We think appellant could not object on the ground stated, to a deposition taken by itself. However this may be, it appears that the testimony contained in it existed in the evidence given by other witnesses, and under the cases just cited, the trial being by the judge, its presence would not constitute error that should affect the judgment. Appellant does not pretend to allege in its brief that there was not other testimony to the same effect.

The fifteenth complains of testimony of Manley Sexton that he negotiated the lease with the president of the Sexton Rice & Irrigation Company and that said company was to pay him $2.00 an acre for the land, which was admitted over the objection that there was no allegation in the petition as to the rental value of the land, or that it was rented by the acre, or alleging the relative value of the land sold (200 acres) to the remainder (1800 acres). There was an allegation that 200 acres had been sold off the tract, and also that the proportionate amount of the contract rental price of $4000 for the 1800 acres remaining was $3600. This would be the prima facie effect of the fact that 200 acres of a tract of 2000 acres leased for $4000 had been sold off, in the absence of evidence indicating the propriety of a different understanding, consequently the testimony was harmless. The assignment is overruled, and in this connection the twenty-seventh also.

The eighth assignment is that the court refused to instruct the jury to find in appellant's favor, after plaintiffs rested their case. It is asserted that the evidence fails to show what quantity, if any, of the rice was received by appellants, and fails to show that the rice had not been removed from the premises for more than thirty days prior to its receipt by appellant; and it fails to show that any part of the rice it received was milled and sold prior to 30 days from the date of its removal from the premises, and further that the testimony shows that the landlords made no claim or took any steps to protect their lien, and shows that all the rice received by appellant was received at Houston "not later than December 1, 1903." The books of the Sexton Irrigation Company and those of appellant afforded evidence that the rice reached the hands of appellant in less than thirty days after its removal from the rented premises, and the quantities thereof. The evidence shows that the rice received by it was disposed of by appellant. The fact that the landlords made no claim nor took steps to prevent a conversion may be conceded. It appears that appellant took a mortgage on the crop which was subject to the landlords' lien, and, by virtue of the provisions of this mortgage, received rice in sufficient quantity and value to satisfy the demands of the landlord, and disposed of it. These facts were against the propriety of an instructed verdict for appellant.

In the motion for such instruction there were other grounds stated, none of which are tenable, viz.: That the undisputed evidence was that appellant was acting in the capacity of a broker

in milling, preparing for market and selling the rice. This was not the undisputed evidence, for it appeared to have been acting under this mortgage contract and in its own interest. Further, that the action was originally for a joint tort against appellant and the Bay City Rice Milling Co., and plaintiffs had dismissed the latter when the latter had received more rice than was sufficient to satisfy plaintiffs' rent claim. The facts showed tort committed by both, *but in reference to different lots of rice*, not a joint tort, but if there had been a joint tort committed, neither wrongdoer could complain of a dismissal of the other. Further, that the Bay City Rice Milling Company had settled with plaintiffs and received a discharge so far as its liability was concerned, and that this operated as a discharge of appellant. This was not so. If the Bay City Rice Milling Company converted any of the rice grown on the premises, it was of other rice than that received by appellant. There was no joint act of conversion, though both were in fraud of plaintiffs' lien; and the rule that satisfaction by one joint tort feasor discharges the other does not seem to have any application whatever. See El Paso & N. W. Ry. v. Darr, 15 Texas Ct. Rep., 146, and cases there cited and discussed. The agreement was, however, in express terms a mere covenant not to sue, and expressly stipulated that "It is a covenant not to sue said Bay City Rice Milling Company on account of the matters and things set up in plaintiffs' petition, and that plaintiffs expressly reserve and retain the right to proceed against the Sexton Rice & Irrigation Company and the Houston Rice Milling Company for the recovery of the balance due upon the indebtedness set up and described in plaintiffs' petition and that nothing herein contained· shall be in any wise construed as affecting or releasing the liability of the Sexton Rice & Irrigation Company and Houston Rice Milling Company for said balance due plaintiffs," and that the amount received for the release was to be applied as a credit on said indebtedness. Other grounds appear in the motion, but° they have been practically disposed of by what has already been discussed.

The receipt of the rice by appellant, under a mortgage for its own benefit, and for the purpose of using it to satisfy its mortgage, within thirty days after its removal from the premises, was a conversion within that time as respects the landlords' lien. That plaintiffs did not bring suit within thirty days after the removal makes no difference. Nor that they failed to assert a claim or to take any other steps. Zapp v. Johnson, 87 Texas, 641; Mensing v. Cardwell, 33 Texas Civ. App., 16. In view of these decisions and what has been said, we overrule also the sixteenth, seventeenth, eighteenth, twentieth, twenty-first and twenty-fifth assignments.

The twenty-second, twenty-third, twenty-fourth and twenty-eighth assignments insist that there was no evidence that plaintiffs had a landlords' lien on the rice received by appellant; that there was no evidence that such rice came from the lands belonging to plaintiffs and that there was no evidence that plaintiffs' rice was converted by appellant. Our conclusions of fact dispose of these matters.

We conclude as facts, in view of what was done by the trial judge, that plaintiffs had a landlords' lien on the rice grown on the lands leased to the Sexton Irrigation Company, that while said lien was in force, that is, that within 30 days after its removal from the lands, the appellant, by virtue of a mortgage which included the crops, which mortgage was subordinate to the landlords' lien, received, under the terms of said mortgage for its own benefit, enough of the rice grown upon the premises to more than satisfy plaintiffs' demand for rent, and disposed of the same. The judgment is affirmed.

*Affirmed.*

Writ of error refused.