## COTTON FINANCE & TRADING CORPORATION v. HENDERSON. (No. 1981.)

Court of Civil Appeals of Texas. El Paso. April 14, 1927.

Rehearing. Denied April 28, 1927.

1. **Chattel mortgages ⊜⟹153—Purchaser without notice of prior chattel mortgage on crop by tenant had superior claim to share of crop for rent.**

Purchaser, without notice, actual or constructive, of prior chattel mortgage on crop by tenant, his purchase being subject only to tenant's lease giving landlord one-third of crop as rent, presented superior claim to rent cotton grown to that of holder of prior chattel mortgage.

2. **Landlord and tenant ⊜⟹251(2)—Landlord was not bound to resort to property to enforce his preference lien on crop as against mortgagee under tenant's crop mortgage, who converted it.**

Where mortgagee, under crop mortgage given by tenant, converted entire crop, landlord was not bound to resort to property to enforce his preference lien for rent, but his right of action against mortgagee for value of cotton converted accrued when conversion took place.

3. **Landlord and tenant ⊜⟹251(2)—Where tenant delivered all crop to mortgagee within 30 days after removal, such taking by mortgagee constituted "conversion" as against landlord.**

Where all cotton raised by tenant was delivered to mortgagee under crop mortgage given by tenant, within 30 days after removal from premises, and landlord had lien on share of crop for rent, such taking by mortgagee constituted "conversion."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conversion.]

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by T. B. Henderson against the Cotton Finance & Trading Corporation of El Paso, in which defendant filed cross-action against one Hamilton and others. From the judgment, defendant corporation appeals. Affirmed.

Kemp & Nagle and E. R. Smith, all of El Paso, for appellant.

Jones, Hardie & Grambling and R. J. Channell, all of El Paso, for appellee.

WALTHALL, J. T. B. Henderson sued Cotton Finance & Trading Corporation, a corporation, asking judgment for $700, the value of 6⅔ bales of cotton, alleged to have been wrongfully taken and converted by said corporation. The facts alleged as the basis of Henderson's suit are substantially as follows: About the 19th of March, 1925, Hugh M. Walker was the owner of certain lands described in Hudspeth county. On that day Walker, joined by J. B. Paden, executed a lease of the land to E. R. Hamilton for a term beginning March 1, 1925, and ending with December of that year. By the terms of the lease Hamilton promised to pay as rent of the land one-third of the cotton and seed raised thereon delivered at the gin, and not to remove the crop raised thereon until the rent was paid. On May 6th of that year Walker and wife conveyed the land to Henderson, subject to the Hamilton lease; the rent cotton and seed to go to Henderson. Hamilton raised 20 bales of cotton on the land. In the months of October, November, and December of that year the Cotton Finance & Trading Corporation took from the premises the 20 bales of cotton raised by Hamilton on said land, and converted same to its use, and refused to turn over to Henderson the 6⅔ bales, and refused to pay Henderson for same. The defendant corporation had actual and constructive knowledge and notice of Henderson's ownership of the land and interest in the cotton raised thereon.

Cotton Finance & Trading Corporation filed its second amended answer and cross-action, on which it went to trial, consisting of general denial, alleged that Henderson had notice of the lease from Walker and Paden to Hamilton and its terms, and had notice either through himself or through his agents and representatives of all mortgages Hamilton may have made to it to secure an indebtedness, and notice of any and all bills of sale and contracts for the sale of cotton Hamilton may have executed pertaining to the sale of cotton raised upon the said property; that Hamilton was in possession of said lands and crops; and that, by reason of Hamilton's possession, Henderson and his agents and representatives had knowledge of all sales and deliveries of the crops from the land and mortgages made by Hamilton, and assented and acquiesced therein, and thereby waived any lien he may have had on said crops, and is estopped from making claims to any cotton grown on said land; that, prior to the purchase of the land by Henderson, Walker and Paden executed a mortgage on said crops to it, and sold 32 bales of cotton from said land, or permitted Hamilton to do so, and expressly waived their lien on said crops, and had no further interest in said crops or any lien thereon and at the time Henderson purchased the land, all of which Henderson had knowledge and is bound thereby; that the mortgage made by Hamilton to it on the cotton raised or to be raised on said land is of date April 27, 1925, and is signed by Walker and Paden, who are bound by its provisions; that Hamilton, Paden, and Walker sold to Anderson, Clayton & Co. 32 bales of cotton, its sale and delivery guaranteed by defendants, and that later Paden and Walker allowed Hamilton to sell 8 bales

more; that Paden and Walker were personally interested in the transactions between Hamilton and it, were comakers of part of said indebtedness of Hamilton, and agreed to become comakers of said indebtedness and joint mortgagors with Hamilton, joint vendors of said cotton, and jointly liable on said indebtedness, waived their lien on said crops; and that neither Paden nor Walker had any interest in said crops at the time, and they are estopped from claiming any interest in said crops at the time of the conveyance to Henderson; that, if they conveyed to Henderson without putting him in possession of all of said facts, they are guilty of fraud, and liable to it for any loss to Henderson, which loss it does not admit.

The defendant corporation asked to make Paden, Walker, and Hamilton parties, and that, in the event Henderson recover against it, it recover against Hamilton, Paden, and Walker.

Paden and Walker answered to the cross-action of the defendant corporation by general denial. Hamilton was not served, and was dismissed from the suit.

Henderson, by supplemental petition to defendant corporation's answer, pleaded general denial; that he had no actual notice of said mortgage from Hamilton to the defendant corporation at the time he purchased the property; that he used due diligence to discover the existence of such mortgage; and that no facts or circumstance came to his notice to put him upon notice or inquiry; that said mortgage is insufficient and uncertain in its description, as it describes said land as located in El Paso county and in Hudspeth county; that he in good faith and without notice of said claims paid a valuable consideration for said land and for one-third of the cotton to be grown thereon as rent; that, at the time of the execution of any mortgage agreement between Hamilton, Paden, and Walker and defendant corporation, of which agreement he had no knowledge until about October, 1925, defendant corporation, acting through its president, R. T. Hoover, promised Walker that he would receive all cotton raised by Hamilton on said premises, would sell same, and retain the proceeds and apply them, first, to the payment of a $1,600 note of Hamilton to defendant corporation, and, second, to the payment of a certain $700 note of Hamilton to defendant, and any excess it would retain to pay Walker the one-third rent due upon said land, and return any balance to Hamilton, and, in any event, he (Henderson) become the owner of all the rights of Walker as above; that defendant breached its agreement as above, but has taken and sold all of the cotton raised on said premises by Hamilton, and either converted the proceeds or delivered same to Hamilton, to his damage $666, for which he sues.

The case was tried with a jury, and submitted upon special issues. The court defined what was meant by "constructive notice" and "actual notice." On the issues submitted the jury found: (1) The reasonable cash market value in El Paso, Tex., of the 17 bales of cotton raised on the Henderson place in 1925, during the months of October and November, to be 17 bales, 470 pounds each, 7,990 pounds, at 22 cents, $1,757.80. (2) On the 6th day of May, 1925, Henderson did not have actual or constructive notice of the lease from Paden and Walker to Hamilton. (3) On the 6th day of May, 1925, Henderson did not have actual or constructive notice of the mortgage of date, April 27, 1925, from Paden, Walker, and Hamilton to the Cotton Finance & Trading Corporation. (4) Henderson did not have notice, actual or constructive, of the contracts of sale of cotton given by Hamilton to the Cotton Finance & Trading Corporation. (5) Henderson did not have notice, actual or constructive, of the delivery by Hamilton to the Cotton Finance & Trading Corporation of the cotton raised on said premises. (6) Henderson did not agree that such delivery of cotton might be made. (7) At the time the land was conveyed to Henderson, Paden and Walker concealed from Henderson the fact that they had signed a mortgage on Hamilton's crop. (8) Paden and Walker concealed from Henderson the fact that they had signed a bill of sale for 32 bales of cotton of Hamilton's crop.

At the request of defendant corporation the court made additional findings to those submitted to the jury, and stated his conclusions therefrom. They are as follows:

"I find that on March 19, 1925, the defendant Walker, who was the owner of the land described in the pleadings herein joined by the defendant Paden, leased the same to E. R. Hamilton for the year 1925, and that the rental was to be one-third of all the cotton and cotton seed raised upon said plantation, which said lease was offered in evidence, and copied in the statement of facts herein.

"I find that on April 27, 1925, the said E. R. Hamilton executed to the Cotton Finance & Trading Corporation a mortgage upon all the property described in said mortgage, which has been introduced in evidence and is copied in the statement of facts herein, and that the same was for the purpose of security for $1,600 as well as other indebtedness mentioned in said chattel mortgage, and that such chattel mortgage was signed by the defendants Walker and Paden, but their names do not appear anywhere in the body of the instrument.

"I find that on May 5, 1925, the land described in plaintiff's petition was conveyed by Walker and his wife to the plaintiff Henderson, and that thereafter defendant Walker was the agent of the plaintiff Henderson in matters connected with the farm and the rentals thereof, and that subsequent notes and bills of sale to the Cotton Finance & Trading Corporation by E. R. Hamilton were signed by the said Hamilton alone, and that Paden offered to sign them

but the defendant Cotton Finance & Trading Corporation did not require him to so do.

"I find that the defendant Walker knew of the various transactions of Hamilton with the defendant Cotton Finance & Trading Corporation and of the delivery of the seventeen bales of cotton by Hamilton to the Cotton Finance & Trading Corporation and that the proceeds of said cotton was applied to Hamilton's notes. and debts and the balance checked out by Hamilton."

The court concluded that the legal effect of the signatures of Paden and Walker to the instrument mentioned rendered them only sureties for Hamilton, and did not convey to defendant corporation any interest they had or might have had in the property described in the mortgage; further, that neither the note nor mortgage constituted a mortgage on all the crops in question, but on Hamilton's interest only of the crops in controversy, and that the bill of sale was the sale of Hamilton's interest only in the crops to the extent of 32 bales of cotton.

The court entered judgment in favor of Henderson for $585.87 principal and $32.22 interest, and interest from the date of the judgment. The court also entered judgment against defendant corporation on its cross-action.

### Opinion.

No question is raised as to the sufficiency of the evidence to sustain all or any one of the facts found by the jury or by the court in the additional findings.

[1, 2] Without notice, actual or constructive, of appellant's prior chattel mortgage on the cotton crop, Henderson's purchase of the land, subject only to the Hamilton lease giving the landlord one-third of the cotton raised on the land, as rent on the land, presents a superior claim to the rent cotton grown on the land to that of the holder of the prior chattel mortgage. The statute gives Henderson, as landlord, a preference lien upon the cotton crop raised on the land for the rent that may become due. Henderson's suit is not to enforce his landlord's lien on the cotton raised on the land, but for the value of his rent cotton taken and converted by appellant. He was not bound to resort to the property to enforce his preference lien, after the cotton had been converted by appellant, but his right of action against appellant for its value accrued when the conversion took place. Zapp v. Johnson, 87 Tex. 641, 30 S. W. 861; Farmers' Elevator Co. et al. v. Advance Thresher Co. (Tex. Civ. App.) 189 S. W. 1018; Estes v. McKinney (Tex. Civ. App.) 43 S. W. 556; Jarrell-Evans Dry Goods Co. v. Allen et al. (Tex. Civ. App.) 229 S. W. 920; Fields v. Fields (Tex. Civ. App.) 216 S. W. 195.

[3] While not specially made a finding of fact by the jury or the court, the evidence shows without controversy in the proof, or otherwise, that all the cotton raised by Hamilton was delivered by Hamilton to appellant in the months of October, November, and December, and within 30 days after removal from the premises. Such taking by appellant constitutes a conversion of the cotton. Zapp v. Johnson, supra; Sexton Rice & Irrigation Co. v. Sexton, 48 Tex. Civ. App. 190, 106 S. W. 728.

There is no evidence in the record nor in any of the findings upon which to base the statement of appellant that, in the matters complained of, Walker was acting as the agent for Henderson, or within the apparent scope of authority given him by Henderson. The acts of Walker prior to the purchase by Henderson of the land, and of which Henderson had no notice, cannot be imputed to Henderson. Walker's agency after Henderson's purchase of the land, according to Henderson's evidence, "was to look after the cultivation of the place and collection of the rents, and turn me over my share." No issue of Walker's agency of Henderson was submitted or requested to be submitted to the jury nor specially found by the court.

The jury found, and there is no complaint of the finding, that Paden and Walker concealed from Henderson the fact that there was a mortgage on the cotton to be grown on the land, and that there was a bill of sale of the cotton so grown. If Henderson knew nothing of the existence of either the mortgage or the bill of sale, and the jury so found, it would follow that he had no agent to look after the disposition of the cotton under either.

Appellant alleged by way of cross-action that Paden and Walker were comakers with Hamilton of his indebtedness to appellant, and were joint mortgagors and joint vendors with Hamilton of his indebtedness to appellant, and that, if they conveyed the land to Henderson without putting him in possession of such facts, they were guilty of fraud, and by reason thereof were liable to appellant for any damage it might sustain, and prayed for judgment over against them for any judgment that might be rendered against it. The issues made by the cross-action were not submitted to the jury, and none were requested to be submitted, and the court found in the requested additional findings that Paden and Walker were only sureties of Hamilton, and did not convey to appellant any interest they may have had in any property they may have had.

Without quoting the evidence, and without reviewing appellant's propositions presented on the cross-action, we have carefully reviewed each, and have concluded that the evidence sufficiently sustains the court's findings on the issues presented under the cross-action.

We find no reversible error, and the case is affirmed.