**CRIDER v. McINTYRE et al.** (No. 817.)

Court of Civil Appeals of Texas. Waco.
June 6, 1929.

Rehearing Denied Oct. 3, 1929.

Rennolds & Rennolds, of Mexia, for appellant.

W. W. Mason, of Mexia, and L. W. Shepperd, of Groesbeck, for appellees.

BARCUS, J. This is an appeal from a judgment entered by the trial court on an agreed state of facts. Appellant, as owner of 37 acres of land, rented same to appellee John McIntyre for 1928 for money rent. In September, 1928, McIntyre was indebted to appellant in the sum of $257 for rent and advances, and he filed this suit, seeking to foreclose his landlord's lien against McIntyre, and for judgment against appellee Frank Oliver by reason of his having converted the tenant's cotton. On August 31, 1928, appellee Frank Oliver filed suit against McIntyre on a note which he held against him, and which was secured by a chattel mortgage on the cotton raised on appellant's land, seeking a foreclosure of said chattel mortgage, and at the same time had issued a writ of attachment, and the officer by virtue thereof levied upon the cotton raised by McIntyre on appellant's farm, and thereafter by order of the court sold same for $322.78, being the full value thereof, and paid said money to appellee Frank Oliver.

The trial court rendered judgment for ap-

pellant against McIntyre for $257, with interest at 6 per cent. from January 24, 1929, and costs of court, and foreclosed appellant's landlord's lien on the cotton. The trial court refused to give appellant judgment against appellee Frank Oliver, on the theory that he had not converted said cotton. Appellant prosecutes this appeal from so much of said judgment as denied him a recovery against appellee Frank Oliver.

The sole question for determination, therefore, is whether the acts of appellee Oliver, in having the cotton on which appellant had a preference landlord's lien levied upon and removed from the premises, and sold and placed beyond the reach of appellant, amount in law to conversion. Appellee Oliver's theory is that he had a right to levy an attachment on, and have removed from the rented premises and have sold by the officer, the cotton, and still not be guilty of conversion, because it did not in any way affect the landlord's right to his preference lien or a foreclosure thereof, and because it did not appear that he individually purchased said cotton at the sheriff's sale. He cites in support thereof article 3797 of the Revised Statutes of 1925, which authorizes mortgaged property to be levied upon and sold, and he cites authorities under said statute which hold, in effect, that a party who has caused mortgaged property to be sold under an execution is not guilty of conversion, where it does not appear the mortgaged property has by reason of said sale been placed beyond the reach of the party holding the mortgage lien.

We do not think said statute, or the authorities cited by appellee, are applicable to or govern the sale under attachment or execution of crops raised by a tenant, in so far as they affect the preference lien given the landlord under article 5222 of the Revised Statutes of 1925 to secure him in rents and advances. Article 5223 provides that said lien shall last for 30 days after the property has been removed from the rented premises. Our courts have uniformly held that the landlord has a right to have said crops remain on the premises until the rents are paid. Our courts further hold that, where a creditor of a tenant has the tenant's crop levied upon and sold under execution, he thereby becomes liable to the landlord for conversion of same to the value of the unpaid rents and advances, or the value of the crop sold under execution. Kimbrough v. Bevering (Tex. Civ. App.) 182 S. W. 403, 405; Fields v. Fields (Tex. Civ. App.) 216 S. W. 195; Zapp v. Johnson, 87 Tex. 641, 30 S. W. 861; Mensing Bros. & Co. v. Cardwell, 33 Tex. Civ. App. 16, 75 S. W. 347; Sexton Rice & Irrigation Co. v. Sexton, 48 Tex. Civ. App. 190, 106 S. W. 728; Marrs v. Lumpkin, 22 Tex. Civ. App. 448, 54 S. W. 775; Groesbeck v. Evans, 40 Tex. Civ. App. 216, 83 S. W. 430, 88 S. W. 889; Cotton Finance & Trading Corporation v. Henderson (Tex. Civ. App.) 293 S. W. 881; G., C. & S. F. Ry. Co. v. Enloe (Tex. Civ. App.) 5 S.W.(2d) 545.

The case of Kimbrough v. Bevering, supra, was very similar in facts to the one at bar. The officer who levied upon and sold cotton under execution, on which the landlord had his preference lien, was sued for conversion of said cotton. The court in affirming the judgment against said officer stated: "The legal wrong done Bevering did not have its inception at the time of the actual appropriation, but related back to the unlawful levy and sale under the execution. * * * At the time of the levy and sale Bevering [the landlord] was at least in the attitude of lien holder, or mortgagee, in possession, and as such did, at all events, have the right to sue for possession or as for a conversion."

In Fields v. Fields, supra, a judgment creditor levied upon and had sold 166 bushels of wheat raised by the tenant, on which the landlord had a preference lien, and the landlord sued the judgment creditor, who had the wheat sold as for conversion. The court, in affirming the judgment awarding the landlord a recovery, stated: "We are of the opinion that the plaintiff was entitled to recover the full value of said 166 bushels, or so much of said value as the rent and advancements for the year amounted to [citing a long list of authorities]. These authorities, and others which might be cited, hold that a purchaser of the crops of a tenant, who is indebted to his landlord for rent, supplies, or advancements, is liable to the landlord for conversion, and that his liability is to the extent of so much of the converted crops as may be necessary to satisfy the landlord's claim."

Unquestionably, in this case, appellee Oliver, by having attached the tenant's cotton and having had same sold by the officer, and having thereby placed said cotton beyond the reach of the landlord, was guilty of conversion, and was liable to the landlord for the value of the crops so converted in a sum sufficient to satisfy the claim of the landlord.

The case having been submitted on an agreed state of facts, and it appearing that appellant had a preference landlord's lien for $257 on the cotton to secure payment thereof, and that said cotton was sold for and was worth the sum of $322.78, the trial court should have, and this court does therefore render, judgment in favor of appellant, A. B. Crider, against appellee Frank Oliver, for said sum of $257, with 6 per cent. interest thereon from January 24, 1929, and all costs of both the trial and appellate courts.

The judgment of the trial court, in so far as it affects John McIntyre, the tenant, not being appealed from, is affirmed.