KEATON McCRARY COTTON CO., INC., Appellant,

v.

Mrs. Charlie E. HERRON et al., Appellees.

No. 8535.

Court of Civil Appeals of Texas, Amarillo.

Oct. 31, 1975.

Weaver & Ferguson, John T. Ferguson, Big Spring, for appellant.

Anderson & Rudd, Ray D. Anderson, McGowan, McGowan & Hale, Jim Pete Hale, Brownfield, for appellees.

ROBINSON, Justice.

In this suit for conversion of the landlord's ¼ interest in a cotton crop, the trial court entered judgment for the landlord against a cotton buyer who had contracted with the tenant for the crop and denied recovery on the cotton buyer's claim against the tenant for breach of contract. The cotton buyer appeals. Affirmed in part and reversed and rendered in part.

Plaintiff, Mrs. Charlie Herron, and others whom she represented, owned land which was farmed by tenant Clovis Cline pursuant to an agreement by which the landlord was to receive ¼ of the cotton crop as rent. Cline contracted with Keaton McCrary Cotton Co., Inc. to sell all of his 1973 cotton crop. This dispute arose at ginning time,

when Mrs. Herron demanded that her ¼ be set aside in kind. Keaton McCrary claimed that it had bought the entire crop and the ginner refused to deliver the "green cards" to Mrs. Herron. Mrs. Herron sued the ginner and Keaton McCrary for conversion. Keaton McCrary alleged that Cline had the right to contract the entire crop and, in the alternative, sought damages from Cline for breach of his contract.

Upon trial a jury found that Cline did not have the right to market the entire crop and that Cline did not have authority to contract the landlord's portion of the crop. The jury further found that Cline and Keaton McCrary did not intend that all cotton grown on the farms in question be sold to Keaton McCrary.

Appellant Keaton McCrary contends that a cotton crop belongs to the tenant until harvested and that therefore Cline did have a right to market the cotton free of the landlord's lien. It further contends that its contract with the tenant, Cline, was plain and unambiguous and obligated him to sell all of the cotton in question.

■ We first consider whether Cline had a right as a matter of law to contract the entire cotton crop. A tenant owns the entire crop prior to harvest, but, unless the agreement provides otherwise, the landlord also holds an interest in the crop, having "the fixed right to become the owner (of his share) when the time for segregation and delivery arrives." *Millingar v. Foster*, 17 S.W.2d 768, 769 (Tex.Comm'n App.1929, jdgmt. adopted). Tex.Rev.Civ.Stat.Ann. art. 5222 (1962) provides a preference lien on the crop in favor of the landlord for rent due. A valid lien exists regardless of actual notice or lack of notice to the purchaser, and the statute is notice to all persons. *Mathews v. Burke*, 32 Tex. 419 (1870); *Caswell v. Lensing & Bennett*, 183 S.W. 75 (Tex.Civ.App.—Austin 1915, writ dism'd). If a purchaser buys the crop or a part of it on which the landlord has a lien, without the landlord's consent or authorization to sell, the purchaser is liable to the landlord

for a conversion, to the extent of the lesser of the value of the crop converted or the amount of rent due. *Zapp v. Johnson and Dick*, 87 Tex. 641, 30 S.W. 861 (1895); *Farmers' Elevator Co. v. Advance Thresher Co.*, 189 S.W. 1018 (Tex.Civ.App.—Dallas 1916, writ ref'd).

■ The landlord may waive his lien by authorizing the tenant, either directly or indirectly, to sell the crop. *Gilliam v. Smither*, 33 S.W. 984 (Tex.Civ.App.1896, no writ); *Woodson v. Westbrook*, 272 S.W. 821 (Tex.Civ.App.—Austin 1925, writ dism'd).

■ The evidence shows that Cline had never contracted cotton from Mrs. Herron's farms before. The jury found and the finding is supported by the testimony of both Cline and Mrs. Herron that Cline did not have the right to market the entire cotton crop and that he was not authorized to contract the landlord's portion of the cotton in question. We conclude that Keaton McCrary converted plaintiff's share of the cotton crop.

We next consider whether the cotton contract between Keaton McCrary as Buyer and Cline as Seller was rendered ambiguous by its reference to "Seller's" cotton crop. The pertinent portion of the contract reads as follows:

> Seller agrees to sell to Buyer and Buyer agrees to buy from Seller, for the price and under the terms and provisions set forth in this contract, all of Seller's 1973 cotton crop, by which term is meant all cotton planted in the year 1973, regardless of whether it is harvested in 1973 or 1974, which is grown on a farm (identifying plaintiffs' farms).

■ The use of the language "all of Seller's 1973 cotton crop" does not make the contract ambiguous or of uncertain meaning. The very sentence in which the words are used defines Seller's cotton crop as including all cotton planted in the year 1973 on Mrs. Herron's farms. The first duty of the court is to determine if the contract is ambiguous. The intent of the parties to an

unambiguous contract must be discerned as a matter of law from the four corners of the instrument, itself. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154 (1951). Extrinsic evidence of the intent of the parties is immaterial and inadmissible unless the contract is ambiguous. *Lewis v. East Texas Finance Co.*, 136 Tex. 149, 146 S.W.2d 977 (1941).

 We conclude that Clovis Cline contracted to sell all of the cotton crop, including the landlord's share, from Mrs. Herron's farms. Since he, by his own testimony, was not authorized to sell the landlord's share, he is liable to Keaton McCrary in breach of contract for the cotton that he is unable to deliver.

Keaton McCrary contends that the trial court erred in failing to submit to the jury its defenses of waiver and estoppel. It contends that because Mrs. Herron had in the past, after consultation, permitted Cline to sell her share of the segregated crop along with his, she has either waived her lien or is estopped to assert that Cline did not have authority to contract her share of the crop. The undisputed evidence is that Cline had never before contracted the crop. The jury found that Cline had neither the right to market the entire crop nor the authority to contract the landlord's share. The fact that he had been permitted to sell the landlord's share after segregation in a previous year does not mean that he had authority to contract the crop before it was planted and grown. We do not find that the trial court erred in refusing the requested issues.

We do not reach appellant's other points of error.

It is stipulated that the price of cotton at the time of trial was 40¢ per pound. The record shows that of the landlord's share of 45 bales, weighing a total of 22,950 pounds, 27 bales were contracted at 26.89¢ per pound and 18 bales were contracted at 26.-69¢ per pound. The "green cards" showing the weight of each bale were not sent to this court on appeal. Thus, we are unable to determine the exact number of pounds contracted for at each figure. We have, therefore, calculated the difference between the price at trial and the contract price of the entire 22,950 pounds, using the contract figure of 26.89¢ in computing the damages due to Keaton McCrary from Cline. This computation sets the damages at the figure most favorable to the losing party.

The portion of the judgment of the trial court granting Mrs. Herron recovery against Keaton McCrary Cotton Co., Inc. is affirmed. The portion of the judgment denying Keaton McCrary relief on its cross action against Cline is reversed and judgment here rendered that Keaton McCrary recover from Clovis Cline its damages in the amount of $3,008.74. Rule 434, Texas Rules of Civil Procedure.