| 71 | 697 |
| 75 | 514 |
| 71 | 697 |
| 87 | 643 |

No. 2548.

## B. W. BOYDSTON v. G. W. MORRIS.

1. EVIDENCE SECONDARY—CHATTEL MORTGAGE.—A certified copy of the record of a chattel mortgage is secondary evidence and incompetent in absence of testimony to the loss or destruction of the original.

2. SAME—STATUTE CONSTRUED.—Section 3 of act April 22, 1879 (2 Sayles' Rev. Stats., art. 3190 b, sec. 3), provides that a copy of a chattel mortgage duly filed for registration, certified to by the clerk in whose office it has been filed, "shall be received in evidence of the fact that such instrument * * was received and filed according to the endorsement of the clerk thereon, but of no other facts." Such copy has no other statutory efficiency.

3. CHATTEL MORTGAGE—FORECLOSURE.—The mortgagor sold corn sub-
ject to his mortgage. Suit was prosecuted to judgment by mortgagee
against the mortgagor. The corn was used by the purchaser. The
The mortgagee brought suit against the purchaser for the value of
the corn, it being less than the amount secured by the mortgage.
*Held,* 1. The suit against the mortgagor, without making the pur-
chaser a party, was not an abandonment of the lien. 2. That the
mortgagor was not a necessary party in suit by mortgagee against the
purchaser. 3. The purchaser was responsible; the measure being
the value of the corn subject to the lien which he had used.

APPEAL from Rockwall. Tried below before the Hon. Anson
Rainey.

This is an appeal from a judgment in the district court for
twenty-five dollars and twenty cents, the value of eighty-four
bushels of corn, taken by appellant, Boydston, by purchase
from one C. W. Steiger, with notice of a mortgage executed to
the plaintiff by said Steiger, upon said corn.

The case was instituted in a justice's court and appealed to
the county court, from which it was transferred to the district
court, by reason of the disqualification of the county judge.

The issues and facts sufficiently appear from the opinion.

*W. B. Wade,* for appellant: 1. A purchaser of mortgaged
property from the mortgagor, he being in possession, and in
whom the legal title rests, such purchaser should be made a
party to a suit to foreclose the mortgage.

It is alleged in the petition that suit was brought to foreclose
the mortgage against Steiger in July, 1886, without making
the purchaser a party to the suit, and appellant alleges the
laches of plaintiff, by reason of a failure to make him a party
to such suit, he having purchased the property from the mort-
gagor, and thereby held the legal title; therefore, he was a
necessary party. (Buchanan v. Monroe, 22 Texas, 537; Hall v.
Hall, 11 Texas, 547; Mills v. Traylor, 30 Texas, 11; 1 W. &. W.
Appeal Civil Cases, sec. 590; 2 Willson Appeal Civil Cases, secs.
14, 528.)

2. The copy of the mortgage was secondary and incom-
petent.

GAINES, ASSOCIATE JUSTICE. Appellee brought this suit to
recover of appellant the value of certain corn appropriated by
the latter, upon which appellee claimed a lien. One Steiger
executed to appellant a chattel mortgage upon his growing

crop, which was duly registered. After the registration appel-
lant bought of Steiger eighty-four bushels of corn, which he
mingled with his own, and subsequently fed to cattle. During
the progress of the trial the plaintiff offered in evidence a copy
of the mortgage, which was admitted by the court over the
objection of the defendant. The objection was upon the ground,
among others, that the original instrument had not been ac-
counted for. The admission of the copy was error. In the
absence of proof of the loss or destruction of the original, sec-
ondary evidence of its contents was not admissible. The stat-
ute provides that a copy of a chattel mortgage duly filed for
registration, certified to by the clerk in whose office it has been
filed, "shall be received in evidence of the fact that such in-
strument     *     *     was received and filed according to the
indorsements of the clerk thereon, but of no other fact." (2
Sayles' Rev. Stat., art. 3190b, sec. 3.) In order to establish the
mortgage, its execution should have been proved, and the
original produced or its absence accounted by showing its loss
or destruction. For this error of the court in admitting the
copy in evidence, the judgment must be reversed.

There are other assignments of error, but none of them are
well taken. We will dispose of them in a brief manner. First,
we are of the opinion that the plaintiff did not lose his lien by
proceeding to judgment in the justice's court on his debt, and
to foreclose his mortgage against the mortgagor, without mak-
ing appellee a party. The judgment did not affect appellee's
rights, but it left the lien intact. The judgment was evi-
dence that Steiger still owed the debt. Second: It was not
necessary to make Steiger a party to the present suit. This
was not an action to foreclose the mortgage. Appellee had
disposed of property upon which appellant had a lien. The
lien could not be foreclosed upon it, because it was no longer
in existence. By the wrong of appellant, appellee was depriv-
ed of the right of having the corn sold for the payment of his
debt, and is entitled to compensation. The amount of his un-
satisfied debt being greater than the value of the corn, the lat-
ter is the measure of his damages. Upon this theory the case
was tried below, and if the original mortgage had been proved
and introduced in evidence, there would have been no ground
for a reversal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 9, 1888.