## T. W. LEVERETT v. J. J. MEEKS ET AL.

### Decided May 3, 1902.

**1.—Landlord and Tenant—Advances—Account Due, When.**

Where the only evidence that the account sued on was not due when the distress warrant was sued out was a statement by plaintiff, the landlord, that he knew that whatever was paid on the account had to come out of the crop, this did not warrant a charge upon the theory that the account was not to become due until the crop was gathered and marketed.

**2.—Same—Marketing Crop—Removal.**

Such a charge was also misleading as conveying the idea that the defendant tenant had the right to remove the crop from the rented premises and market the same,—a thing prohibited by the statute unless done with the consent of the landlord. Rev. Stats., art. 3236.

**3.—Same—Liability of Tenant's Widow.**

　　Where, pending an action by the landlord for rents and advances, the tenant died and his widow was made a party, her liability was properly limited to the value of the crop or its proceeds received by her from the deceased or his estate.

**4.—Same—Replevy Bond Invalid.**

　　Where a replevy bond given by a tenant for crops distrained is more onerous on the sureties than the statute requires, it is not good as a statutory bond and the sureties are not liable thereon.

　　Appeal from the County Court of Collin.　Tried below before Hon. J. H. Faulkner.

　　*Abernathy & Beverly* and *J. D. Cottrell,* for appellant.

　　*Abernathy & Mangum,* for appellees.

　　BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by T. W. Leverett against J. H. Meeks in the Justice Court to recover on an open account for $52.01 for advances made, and for $37.29, the value of one-half the cotton not delivered, making a total of $89.30, for which plaintiff asserted a landlord's lien.　It was alleged that plaintiff rented J. J. Meeks' land for the year 1899 for which defendant agreed to pay plaintiff one-half of the crop as rent, and that the account was for advances made to enable defendant to make a crop.　Plaintiff sued out a distress warrant and caused the same to be levied on 200 bushels of corn in the crib of the value of $40, and two bales of cotton unpicked, of the value of about $30.　The defendant replevied the property.　The replevy bond was held not valid as a statutory bond, and for this reason the court instructed a verdict in favor of the sureties on said bond who had been made parties to the suit.

　　Trial was had in the Justice Court, and from the judgment there rendered the plaintiff appealed to the County Court.　While the cause was pending in the County Court, J. J. Meeks died.　His surviving wife and children were made parties defendant.　During the pendency of the suit in the County Court Mrs. Meeks intermarried with Joseph Goebel, who was made a party.　Defendants pleaded the general issue; that the debt was not due at the date of the institution of the suit, and alleged that the distress warrant was unjustly, illegally, and maliciously sued out, and prayed for damages actual and vindictive in the sum of $199.50.　A trial resulted in a verdict for the defendants for $30 damages, and for the plaintiff for $25 money received by Mrs. Goebel from her husband's estate.　Upon this verdict judgment was rendered against plaintiff for $5 and for costs.　Plaintiff has appealed.

　　1.　Appellant's first assignment of error complains of the following paragraph of the court's charge:　"You are instructed that in the sale of goods ordinarily limitation commences to run from the date of delivery of the goods, when a purchaser buys goods and a seller sells them, and it is in the contract at the time of sale that the goods so purchased

are not to be paid for till a crop was made and that the same was to be paid for out of the crop yet to be made, then you are instructed that the account would not become due till the crop was gathered and a reasonable time given to market the same, and no suit could be brought on the same until said crop was gathered and a reasonable time given to market the same in the ordinary course of trade." The affidavit alleged as the ground for suing out the distress warrant that the account was past due and unpaid. It was contended by appellee that the account for rent and advances made to enable Meeks to make a crop was not due at the time the affidavit was made, and that for this reason the distress warrant was illegally and unjustly sued out. The distress warrant was sued out on October 20, 1899. There was positive testimony that the account was due on October 1, 1899. On cross-examination the plaintiff testified that he knew that whatever he (Meeks) paid on his account, or for rent, had to come out of the crop. This statement ·is the only evidence tending to show that the account was not due when the distress warrant was sued out. When no time is specified in which goods sold on account are to be paid for, the law presumes that they are to be paid for on delivery of the goods. All the goods had been delivered prior to October 1st, and, as already stated, there is evidence that the account was due at that time. The fact that the landlord expected the account to be paid out of the crop does not show that the account was not to become due until the crop was gathered and marketed. Again, the jury might have inferred from the wording of this charge that the tenant had the right to remove the crop from the rented premises and market the same. In this respect it was misleading. The tenant had no right, prior to his payment of the rent and advances, to remove or permit to be removed from the rented premises any of the agricultural products produced thereon without the consent of the landlord. Rev. Stats., art. 3236; Wilkins v. Adler, 68 Texas, 689. The charge of the court above set out was not authorized by the evidence, and was calculated to mislead the jury.

2. The trial court did not err in limiting the amount of the recovery against Mrs. Meeks to the value of the crop or its proceeds received by her from J. J. Meeks, or his estate. Blinn v. McDonald, 92 Texas, 604.

3. The court did not err in instructing a verdict in favor of the sureties on the replevy bond. The bond was more onerous on the sureties than required by statute, and for this reason the bond was not good as a statutory bond. Rev. Stats., art. 3244; Wooters v. Smith, 56 Texas, 198.

We have examined the remaining assignments of error and do not think they present reversible error. For the error pointed out by the first assignment the judgment is reversed and the cause remanded.

*Reversed and remanded.*