## JACKSON BROTHERS v. W. M. CORLEY.

Decided November 15, 1902.

1.—Jurisdiction—County Court—Distress Proceeding.

Where a distress warrant for rents amounting to $220, together with cita-tion, was sued out before a justice of the peace, both returnable to the county court, the jurisdiction of the latter court, upon service of the writs, immediately attached, and was not affected by subsequent payments reducing the amount to less than $200, nor by quashal of the warrant, but was retained for all pur-poses.

2.—Landlord's Lien—Foreclosure—Parties.

In an action by a landlord against his lessee for rent and foreclosure of his statutory lien, a purchaser of goods covered by the lien was prpoperly joined as a defendant, though he may not have been personally liable for the rent.

3.—Same—Conversion—Joinder of Actions—Jurisdiction.

Where such purchaser converted the goods pending the foreclosure proceed-ings, the cause of action against him for conversion could be joined with the suit against the lessee for debt and foreclosure, and the fact that the claim for conversion was for less than $200 when first set up could not affect the juris-diction of the county court.

4.—Same—Distress Warrant—Affidavit For.

In an application for a distress warrant the plaintiff must show the exist-ence of one of the grounds specified in article 3240, Revised Statutes, and if the allegation is not made in the language of the statute, equivalent terms must be employed.

5.—Same—Removing Property from Rented Premises.

Where an affidavit for a distress warrant alleged that the defendants "have advertised and are selling all goods at cost, and are rapidly disposing of the same, replacing with no new goods," this was not equivalent to a charge that the defendants were about to remove their property from the rented premises within the meaning of the statute, and did not constitute ground for the issu-ance of the warrant.

6.—Same—Replevy Bond—Judgment Against Sureties.

Where the distress warrant has been quashed, the plaintiff is not entitled to judgment against the sureties on the replevy bond. So held with reference to directly conflicting authorities on the point.

Appeal from the County Court of Limestone County. Tried below before Hon. A. J. Harper.

*Gibson & Bryant,* for appellants:

*J. O. Harper* and *Jackson & Hays,* for appellees.

TEMPLETON, ASSOCIATE JUSTICE.—W. M. Corley rented a store-house to Steen & Colgin for the term of one year beginning August 15, 1900, at $40 per month, payable at the end of each calendar month. The lessees placed a stock of groceries in the house, and carried on a business there until February 20, 1901, when they sold out to Frank Smith, who, five days later, sold to Jackson Bros. Corley knew of these transactions, and did not object thereto. Steen & Colgin paid the rents

which accrued during their occupancy, and when Smith bought he assumed payment of the rents to mature thereafter. When Jackson Bros. bought they agreed with Smith to pay him rent at $40 per month for such time as they might occupy the premises. The rent for February was paid. On March 26, 1901, Corley sued out a distress warrant against Steen & Colgin and Jackson Bros., claiming an indebtedness of $220 for the rent of the house for five and one-half months, beginning March 1st and ending August 15, 1901. He sought to hold Steen & Colgin as original lessees and Jackson Bros. as tenants, by reason of their having gone into possession of the rented premises, with knowledge of the lease, under a contract with the lessee and with the implied consent of the lessor. As ground for the writ, it was alleged in the affidavit therefor that the defendants were about to remove their property from the rented premises, "in this, that they have advertised and are selling all goods at cost, and are rapidly disposing of same and replacing with no new goods." The writ was levied on goods valued at $320, and Jackson Bros. prompely replevied the same. Citation was issued with the warrant, and was served on the same day. The warrant and the citation were made returnable to the county court. On April 1, 1901, Jackson Bros. paid to Smith the rent for the month of March, and Smith paid over the same to Corley.

On May 1, 1901, Jackson Bros. paid to Smith the rent for the month of April (which was retained by him), and sold out to Clark & Stevens, who immediately removed the goods from the leased premises. On May 20, 1901, Corley filed his petition in the county court, and on November 29, 1901, filed an amended petition on which the case was tried. Steen & Colgin made default. The firm of Jackson Bros. was composed of L. A. Jackson and W. E. Jackson. By mistake it was stated in the affidavit for the warrant and in the citation that said firm was composed of B. F. Jackson and W. E. Jackson. The plaintiff, by proper pleadings, alleged the mistake, and had L. A. Jackson cited. The said defendant appeared and pleaded to the jurisdiction of the court on the ground that the amount in controversy when he was made a party, being only $180, was not within the jurisdiction of the county court. He also moved to quash the warrant because in the affidavit therefor it was not stated in unqualified terms that the defendants were about to remove their property from the rented premises. Subject to the said plea and motion, Jackson Bros. answered to the merits. The motion to quash was sustained on November 29, 1901. A trial before the court without a jury resulted in a judgment against Steen & Colgin and Jackson Bros. for $180, the amount owing to Corley on rent, with a foreclosure of the landlord's lien on all the goods situated in the storehouse when the suit was instituted. Jackson Bros. have appealed.

The court did not err in refusing to sustain the plea to the jurisdiction. The suing out of the distress warrant was the beginning of the suit, and upon the service of the warrant and the citation, both

writs being returnable to the county court, the jurisdiction of that court immediately attached. Bateman v. Maddox, 86 Texas, 546. At that time the amount in controversy was $220, and the jurisdiction of the county court was not affected by the payment made thereafter which reduced Corley's claim to $180, nor by the quashal of the warrant. The county court having once acquired jurisdiction of the case, retained it for all purposes. Ablowich v. Bank, 67 S. W. Rep., 881. Corley undoubtedly had a good cause of action against Steen & Colgin for debt and foreclosure, and the jurisdiction of the county court having once attached in the suit brought thereon, Corley was entitled to prosecute the suit to final judgment in that tribunal. Even if Jackson Bros. were not liable personally, as tenants, for the rent, they were beyond question proper parties to the suit against Steen & Colgin for foreclosure, they having bought the goods covered by Corley's lien, and being in possession thereof and claiming title thereto. They were therefore properly in court. If, pending the litigation, they converted the goods, the cause of action against them for conversion could be set up by the plaintiff. Such cause of action could be joined with the suit against Steen & Colgin for debt and foreclosure, and the fact that the claim against them for conversion was for less than $200 when the same was first set up, would not affect the jurisdiction of the county court over it. Templeman v. Gresham, 61 Texas, 53. The trial court found that Jackson Bros. were personally liable because they had converted goods upon which Corley held a landlord's lien of greater value than the amount of the debt claimed by Corley. There is no statement of facts in the record, but the trial judge filed conclusions of fact at the request of the parties. It does not clearly appear from said conclusions what became of the goods after Jackson Bros. sold to Clark & Stevens. It does appear, however, that the latter removed the goods from the rented premises many months before the warrant was quashed or the case was tried. In this state of the record every legitimate inference will be indulged in support of the judgment. If Jackson Bros., pending the suit to foreclose, made such disposition of the goods that the same could not be subjected to Corley's lien, they thereupon became liable for conversion. The trial court has held that such was the effect of their acts, and we can not say that the holding is without evidence to support it. The judgment entered foreclosed the lien upon the goods subject thereto, and it may be that, had Jackson Bros. insisted thereon, they would have been entitled to have the judgment so framed that the personal judgment against them should be enforced only in the event the goods could not be found. Templeman v. Gresham, supra. There is no complaint, however, of the judgment on this ground. We think that the judgment properly foreclosed the lien, which did not depend in any way upon the validity of the distress proceedings. The trial judge correctly held that the foreclosure should be against all the goods subject to the lien, and not merely against that portion thereof which had been distrained. In

view of what has been said above it is clear that the mistake made by the plaintiff in naming the members of the firm of Jackson Bros. was not material, and could be corrected by proper pleadings.

The appellee has filed cross-assignments of error, and insists that the trial court erred in sustaining the motion to quash, and in refusing, notwithstanding the quashal of the warrant, to enter judgment against the sureties of Jackson Bros. on their replevy bond. We are of opinion that there is no merit in either assignment. It is true, as contended, that article 3241, Revised Statutes, which prescribes the requisites of an affidavit for distress warrant, contains no provision that the ground for the writ shall be stated in the affidavit. It is clear, however, that the plaintiff, when he applies for the warrant, must show the existence of one of the grounds specified in article 3240, before he can obtain the writ. Wier v. Brooks, 17 Texas, 640. The statute does not provide how this may be done. The statement of the ground relied on is usually inserted in the affidavit, and such was the course pursued by the plaintiff in this case. This precludes the idea that any other ground than that stated was relied on, and unless the ground, as stated, was sufficiently alleged, the motion to quash was well taken. The allegation should be made in the language of the statute, and when this is not done, equivalent terms must be employed. In the affidavit before us the ground is stated in the words of the statute, but the statement is accompanied by a qualifying clause of material import. This clause can not be treated as surplusage, but must be considered as expressing the sense in which the affiant made the statement that the defendants were about to remove their property from the rented premises. The allegation that the defendants "have advertised and are selling all goods at cost and are rapidly disposing of same and replacing with no new goods," does not amount to a charge that the defendants were about to remove their property from the rented premises within the meaning of the statute. A cost sale, at retail, and not a closing out sale, in bulk, was alleged, and it can not be held, regardless of all the facts surrounding such sale, that the same constituted ground for the issuance of the distress warrant.

The contention of appellee that he was entitled to judgment against the sureties on the replevy bond, notwithstanding the quashal of the warrant, is sustained by authority directly in point. Sexton v. Hindman, 2 Wills. C. C., sec. 462; Corley v. Rountree, 37 S. W. Rep., 475. These cases appear to be in conflict with the decision of the Supreme Court in Wier v. Brooks, supra. In that case motion to quash the warrant was overruled and judgment entered against the defendant and a surety on his replevy bond. The surety appealed, and it was held that the motion to quash should have been sustained, but nevertheless the judgment against the surety was reversed. In Mitchell v. Bloom, 91 Texas, 634, the court, in disicussing the case cited, uses this language: "The court do not distinctly say that the illegality of the warrant was fatal to the bond, but we think that is what was meant." In

the same case the court refers to the holding in Sexton v. Hindman as being in conflict with the decision in Wier v. Brooks. In this state of the authorities, the contention of appellee must be held to be not well taken.

The judgment is affirmed.

*Affirmed.*