PULLMAN COMPANY v. JOHN R. COX, JR., ET AL.

Decided June 9, 1909.

**1.—Passenger—Sleeping Car—Ticket—Evidence.**

Plaintiff declaring on failure to comply with a contract evidenced by purchase of a ticket for through transportation in a sleeping car to destination, the evidence as to whether the ticket was such as pleaded is considered, and being found conflicting, the presumption from defendant's failure to produce the ticket which was taken up by its conductor, is held sufficient, in connection with the evidence, to support a finding in plaintiff's favor.

**2.—Joinder of Parties—Harmless Error.**

Permitting the joinder of a railway company as defendant, in an action against appellant, a sleeping car company, for violation of its contract with a passenger, if error, was not ground for reversal when the judgment was in

favor of the railway company against the plaintiff, and he was taxed with the costs incurred by making such company a party.

**3.—Damages—Pleading—Charge.**

An instruction on the damages recoverable is held to submit no elements not alleged in the pleading.

**4.—Damages—Charge—Mental Suffering—Fright.**

"Alarm" and "distress of mind" as elements of damages recoverable by a woman wrongfully put off a Pullman car on which her passage had been paid were not synonymous. A charge authorizing recovery for both is held not to permit double damages.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Cochran & Penn* and *Ireland Graves,* for appellant.—Plaintiff's alleged cause of action against appellant and his alleged cause of action against the appellee, Gulf, Colorado & Santa Fe Railway Company, were entirely separate and distinct, and could not, over the objections of appellant, be prosecuted in one suit. Construction Co. v. Medlegge, 75 Texas, 636; Stewart v. Gordon, 65 Texas, 347; Frey v. Railway Co., 86 Texas, 466; Thomas v. Chapman, 62 Texas, 197; Williams v. Robinson, 63 Texas, 582; 15 Ency. of Pl. and Pr., 548.

The instruction authorized the jury to assess damages against appellant for injuries sustained by plaintiff's wife other than those alleged in the petition to have been sustained by her by reason of the alleged breach of contract between plaintiff and appellant. The only allegations contained in plaintiff's petition with reference to the injuries alleged to have been sustained by plaintiff's wife by reason of being required to leave the Pullman car at Dallas were as follows: That "She got out of the Pullman coach at Dallas in a crowded depot with her daughter, where she remained for a time, not knowing what to do, and greatly alarmed and distressed about the situation that she was put in; finally some one in the depot informed her that her train to Paris would soon leave, and she had to carry her heavy valise through the crowd and take care of her infant daughter until she reached the place to get on the train."

Instructing the jury to "take into consideration the alarm (if any) and the distress of mind (if any) she was put to by reason of her being forced to leave (if she was forced to leave) the Pullman car in which she was riding at Dallas," was calculated to confuse the jury and to induce them to give damages twice for the same injury. Missouri, K. & T. Ry. Co. of Texas v. Hannig, 91 Texas, 350.

*Fiset & McClendon,* for appellee.—The error, if any, in overruling appellant's said special exception was harmless, and was cured by the verdict and judgment, in that the jury found appellant to be liable, and found against the railway company; and the judgment specifically taxes all costs incurred by reason of making the railroad company a party defendant against the plaintiff, and taxes against the appellant all costs, save and except the costs incurred by reason of making the railway company a party defendant. Lindsey v. State, 66 S. W., 332,

27 Texas Civ. App., 540; Railway Co. v. Lightfoot, 106 S. W., 595; Railway Co. v. Weddington, 31 Texas Civ. App., 235; Railway Co. v. Helm, 64 Texas, 147; Lee v. Turner, 71 Texas, 264; Telegraph Co. v. Neel, 25 S. W., 29; Johnson v. Erado, 50 S. W., 139; Railway Co. v. Jamison, 12 Texas Civ. App., 689; Railway Co. v. Watkins, 88 Texas, 20; Emmons v. Oldham, 12 Texas, 26; Johnson v. Davis, 7 Texas, 173; Telegraph Co. v. Campbell, 36 Texas Civ. App., 276; Fontaine v. Muse, 85 S. W., 852, 38 Texas Civ. App., 358; Runge v. Cattle Co., 87 S. W., 38; Packing Co. v. Dorsey, 33 Texas Civ. App., 565. Apparently to the contrary is Railway Co. v. Burnett, 61 Texas, 638.

The portions of the Pullman ticket delivered by the defendant at Austin were never produced by defendant Pullman Company or offered in evidence. Choate v. Railway Co., 90 Texas, 82.

FISHER, CHIEF JUSTICE.—This is a suit by appellee Cox against the Pullman Company and the Gulf, Colorado & Santa Fe Railway Company, to recover from the appellant, the Pullman Company, damages on account of an alleged breach of contract entered into between him and the Pullman Company, whereby it was agreed that appellee's wife and child should be transported in a Pullman car from Austin, Texas, to Paris, Texas. The breach is charged to be the expulsion of plaintiff's wife and child from the car by the Pullman people when it reached Dallas. The cause of action alleged against the Gulf, Colorado & Santa Fe Railway Company is substantially to the effect that they breached the contract of transportation agreed upon, and that they caused and required the plaintiff's wife to be transported from Dallas, Texas, to Paris, Texas, in a smoking car, and by reason of which she suffered inconvenience, annoyance, etc.

The appellant in the court below, by way of exception, raised the question of a misjoinder of causes of action and parties defendant, and further pleaded a general denial. The exception referred to was overruled by the court, to which action defendant reserved a bill of exceptions.

On trial in the court below, judgment was rendered in favor of appellee Cox against the appellant the Pullman Company for the sum of $200; and judgment in favor of the Gulf, Colorado & Santa Fe Railway Company to the effect that the appellee Cox take nothing by his suit against that road, and that there be adjudged against Cox all the costs incurred by reason of the Gulf, Colorado & Santa Fe Railway Company being made party.

The four last assignments of error contained in appellant's brief assert that the evidence is insufficient to support the verdict and judgment of the trial court. Without intimating how we would have determined the question of liability or nonliability of the appellant on the facts, if the question had been before us originally, all that we are required to do is to ascertain whether the facts directly, or the implications or deductions arising therefrom, authorized the jury to reach the conclusion they did.

The plaintiff testified that he entered into a contract with appellant's agent at Austin, for the transportation of his wife on the through Pullman sleeping car to Paris, Texas, and paid the full price

demanded and required for such service, which he testifies to be $2.50. At the time the contract of transportation was entered into he explained fully to the agent his wife's condition, and that he desired to arrange so that she would not have to leave the car, and that she would be transported through to her destination without change on the sleeping car; that the agent assured him that she would not have to change from that car, and that she would go through on the same from Austin to Paris. When the train to which this car was attached reached Dallas, she was required by the Pullman people to leave the same. Then she was directed by those in charge of the Santa Fe train to enter the smoking car, as alleged. She at the time was traveling alone with the infant child, was inexperienced in travel, and her evidence is sufficient to show that she experienced fright and alarm by reason of the unexpected situation thus forced upon her by the Pullman people, and that she sustained mental distress on account of their conduct in breaching the contract and refusing and denying her the privilege of transportation in the sleeper to her destination.

The appellee testified that when he purchased the sleeping car ticket he was not certain in his recollection as to whether he read it or not, but it is clear from his testimony that he understood it to be the kind of ticket called for by the contract, and he supposed it provided for transportation from Austin, Texas, to Paris, Texas. His wife in the course of transportation between Austin and Dallas was required to and did turn over the ticket to the Pullman official in charge of the car, which ticket was never redelivered to her and it has never been returned to the possession of the appellee, and the testimony justifies the inference that the ticket at the time of trial was in possession of or could possibly be produced by the Pullman Company. On the other hand the agent of appellant who sold the ticket to appellee testified that he had no distinct recollection of what was contained in the face of the sleeping car ticket, but he produced memoranda which he testified was made, and which his duties required him to make, showing that a certain sleeping car ticket on the day on which the contract of transportation was entered into with appellee was sold, and that it called for transportation from Austin, Texas, to Dallas, Texas, the price of which the entry shows to be $2. The contract in question was entered into at what is known as the International Railway ticket office at the depot, and the agent who sold the ticket, as well as the agent of the uptown office, testified, in effect, that there were no sleeping car tickets on sale at the depot office providing for transportation from Austin to Paris, but that there were such tickets for sale at the uptown office.

This is not a detail of all the evidence, but is a recitation of its substantial features so far as relates to the contract.

Under the doctrine of Gulf, C. & S. F. Ry. Co. v. Halbrook, 12 Texas Civ. App., 478, and the cases therein cited on page 481, the appellee, as a cause of action and a basis for recovery, could have well relied upon the contract as actually entered into, although the ticket upon its face, by mistake or otherwise, failed to correctly embody its terms; but the averments of his petition are substantially to the effect that the ticket upon its face called for transportation from Austin to

Paris, and the court, in submitting this question to the jury, instructed them, in effect, that if the ticket did not so provide, to find for appellant. Consequently, in determining the sufficiency of the evidence, we are confined to the question whether the ticket by its terms was a contract for the transportation of plaintiff's wife to her final destination. As intimated in the beginning, as an original question we might have decided otherwise, but the determination of this issue was solely within the province of the jury, and it only remains for us to see whether there is any evidence that would justify the conclusion they reached.

Appellee is not sure whether he read the ticket or not, but that the ticket was issued to him we gather from the evidence at the time that the contract, as he detailed it, was entered into. The agent that sold him the ticket had no distinct recollection, but the appellant, depending upon the memoranda that he made, together with the evidence of the fact that they had no tickets of that character on sale at the depot, insists that these facts are sufficient to show that the ticket upon its face provided for transportation only to Dallas. The plaintiff also testified that he, at the time of the purchase of the ticket, paid the amount required for transportation through to Paris. From these facts one of two conclusions can be reached: Either that the agent made a mistake in entering the true facts upon his memoranda, or that he made a mistake in not correctly endorsing upon the ticket the terms of the contract actually entered into. The jury could well conclude that the possible doubt that surrounded this question could have been removed by certain and conclusive evidence that was in the possession of the appellant; and, failing to do so, they would be justified in concluding that the agent had performed his duty and issued to the appellee evidence of the right of transportation provided for by the terms of the contract; for, as said before, the ticket was surrendered to the Pullman Company, and at the time of trial it was presumably in their possession. At least, they failed to account for it, and there is no inference that arises from the evidence that would justify the conclusion that they could not produce it. It is a familiar principle, upon which it is not necessary to cite authority, that in questions of this character, where the evidence is as nearly balanced as it is here, and the party has the means of making it certain and the evidence of that fact in his possession, and fails to produce it, it can be considered as a potent circumstance against him. On the whole, we are not prepared to say that the evidence, with the deductions that arise from it, is not sufficient to justify the verdict.

Appellant's first assignment of error complains of the action of the trial court in not sustaining its exception on the ground of misjoinder of causes of action and parties defendant. We are not prepared to say that the two defendants were not properly joined in this controversy, but however that may be, there is no room for reversible error arising from the action of the court. The averments of the petition are sufficient to state a cause of action against the Pullman Company, and if the Santa Fe was improperly joined, the disposition made of the latter removes all objection that could arise on account of the misjoinder of parties and causes of action. The verdict and judgment went in

favor of the Santa Fe Railway Company, and as to it there is no complaint by either party, consequently it is out of the case. The judgment entered by the court relieves the appellant of all costs on account of the Santa Fe's being made a party, and all costs on that account are taxed against the appellee. The situation of the parties having reached this stage, the error of the court, if any, is harmless. Lindsey v. State, 27 Texas Civ. App., 540; Railway Co. v. Lightfoot, 106 S. W., 595; Gulf & B. V. Ry. Co. v. Weddington, 31 Texas Civ. App., 235; Chicago, R. I. & G. Ry. Co. v. Johnson, 111 S. W., 759.

The court on the subject of damages instructed the jury as follows: "If under the instructions given them the jury find for the plaintiff against the Pullman Company, then the jury will assess the plaintiff's damages against the defendant Pullman Company at such sum of money as if paid in hand at this time will fairly and justly compensate plaintiff for the injuries sustained, if any, by plaintiff's wife, which were caused to her directly and proximately by the acts of the defendant Pullman Company's agents and employes, and in doing so will take into consideration the alarm, if any, and the distress of mind, if any, she was put to by reason of being forced to leave, if she was forced to leave, the Pullman car in which she was riding at Dallas, Texas, by the agents and employes of the Pullman Company." This charge is made the ground of objection by the second assignment of error. The first proposition asserted under this assignment is that it was calculated to impress the jury with the idea that they could take into consideration injuries to plaintiff's wife other than those alleged. This objection can be disposed of with the statement that the allegations of the petition are sufficient to justify the submission of these elements of damage to the jury.

The second proposition is to the effect that the charge substantially allows a recovery for double damages; that is, that alarm and distress of mind mean the same thing. It will be observed that there is no objection urged that plaintiff could not recover damages on account of the fright or alarm she experienced, but that the mental disturbance arising from the fright or alarm is the same as the mental distress she suffered by reason of the wrong inflicted upon her in requiring her to leave the car and from the breach of the contract which she entered into for transportation in the Pullman car to Paris. The momentary alarm she experienced on account of being expelled from the car, and the attendant circumstances connected with and immediately following that transaction, may be, and doubtless was, an entirely different mental emotion from that of the mental suffering she experienced on account of the wrong committed in breaching the contract of transportation and denying and refusing her the right and privilege she was entitled to to occupy a seat in the Pullman car from Dallas to Paris. The sensation of fright was doubtless momentary, and arose from the unusual and unexpected situation that surrounded her at Dallas when she was required, with her young child, to leave the car and seek transportation elsewhere. The mental suffering that arose from the wrong in breaching the contract of transportation may not have commenced until the fright ceased, and may have continued, and doubtless did, to her journey's end. The sensation of fright or alarm is the re-

sult of a mental emotion of some character, but it is not a necessary result that therefrom mental distress will follow. Both elements are not necessarily concomitant; and of course it is conceded that there may be a mental distress traceable to causes that do not produce either fright or alarm. This is made clear by the definition of the words "alarm" and "distress," as stated in the Century Dictionary. As said at the outset, there is no objection urged that the jury could not consider fright or alarm as an element of damages, and if such an objection had been raised, a different question may have been presented, if it could be held that the doctrine announced in the Trott case (Gulf, C. & S. F. Ry. Co., 86 Texas, 413) was applicable. That was a case strictly of tort, and it was held that no damages could be recovered merely for sudden fright arising therefrom; but in the later case of Texas & Pac. Ry. Co. v. Gott, 20 Texas Civ. App., 335, in which a writ of error was refused, and which reviewed the Trott case, it was held that for a tort arising from a breach of contract of carriage, the passenger could recover for the fright, worry and mental anguish which she sustained on account of carrying her beyond her destination; and as authority for this ruling the opinion cites the Kaiser case (Missouri Pac. Ry. Co. v. Kaiser, 82 Texas, 145). By analogy, the principle announced in these cases is applicable to the facts of this case, for if fright or alarm can be considered as a basis for damages for carrying a passenger beyond her destination, it can be considered in wrongfully refusing to carry her to her destination. These cases may also be considered as authority recognizing the distinction and difference between fright and mental distress. It is true, it does not appear that the question of double damages, or in other words, that an allowance of damages for fright and mental distress embrace the same elements was raised in these cases, but both treat the two elements as distinct and recognize the right of the plaintiff to recover for both.

We find no error in the record and the judgment is affirmed.

*Affirmed.*