## FIELDS v. FIELDS et al.   (No. 9125.)

(Court of Civil Appeals of Texas.   Ft. Worth.
June 14, 1919.   Rehearing Denied
Oct. 18, 1919.)

LANDLORD AND TENANT ☞249(1)—LIABILITY
TO LANDLORD OF CREDITOR LEVYING ON TEN-
ANT'S CROPS.

Judgment creditor of tenant who levied upon
the crops when the tenant was indebted to his
landlord for rent, supplies, or advancements
*held* liable to the landlord for conversion to the
extent of so much of the converted crops as
might be necessary to satisfy the landlord's
claim, liability not being limited to the pro rata
part of the tenant's debt to the landlord which
the part of the crop levied on bore to the whole
of the crop raised by the tenant; the princi-
ple of marshaling of securities not being in-
volved.

Appeal from Bosque County Court; W. A.
York, Judge.

Action by Mrs. Emmaus Fields against Jas-
per N. Fields and others.   From judgment
for plaintiff, she appeals.   Judgment re-
formed so as to allow greater recovery, and,
as reformed, affirmed.

B. J. Word, of Meridian, for appellant.

James M. Robertson, of Meridian, for ap-
pellees.

BUCK, J.   Appellant, as plaintiff below,
sued defendant for conversion of 166 bushels
of wheat alleged to have been produced on
plaintiff's farm by her tenant, and upon which
she had a landlord's lien for rent due her on
the premises and for advancements made to
the tenant during the current year.   She al-
leged that the defendant had levied an execu-
tion upon the said 166 bushels of wheat to
satisfy a judgment held by the defendant
against the tenant, and that the defendant un-
lawfully seized and removed from plaintiff's
farm said wheat, which was subject to the
payment of plaintiff's said rents and the sup-
plies furnished.   She alleged that the tenant
had executed a note in the sum of $225, with
interest from maturity, and that provided for
$10 damages and 10 per cent. additional as
attorney's fees in case of default and suit,
which default had been made and suit
brought.   She further alleged that the ten-
ant had executed a second note in the sum of
$135, with interest and attorney's fees, in
payment of advancements made during the
crop season.   She sued to recover said
amounts.

The court filed his findings of fact and con-
clusions of law as follows:

### "Conclusions of Fact.

"The plaintiff, Mrs. Emmaus Fields, mother
of Jasper N. Fields, is the owner of a farm
located in Bosque county, Tex., which farm
plaintiff rented to defendant Jasper N. Fields
for the year 1918, for which said defendant
agreed to pay plaintiff therefor about $429 as
rents, and for farming implements to be used
on said farm.   Said defendant Jasper N. Fields
made a crop of wheat on said farm in said year,
1918, amounting to 328 bushels of wheat, worth
$2 per bushel.

"The defendant Schow Bros. levied an exe-
cution against the defendant Jasper N. Fields
on 166 bushels of said wheat.

"That before and after the said levy was
made by said Schow Bros. the defendant Jas-
per N. Fields sold the remainder of said 328
bushels of wheat, without paying the plaintiff the
amount or any part thereof due her for rents
and supplies.

### "Conclusions of Law.

"The plaintiff has a landlord's lien on all
the said wheat levied on and sold by defend-
ant Schow Bros. and that part of the wheat
sold by defendant Jasper N. Fields.

"Plaintiff is entitled to judgment against de-
fendant Schow Bros. only for such part of
plaintiff's debt as the value of 328 bushels of
wheat was to 166 bushels levied on."

It will be noted that the court concluded
that the plaintiff was entitled to recover from
defendant under her landlord's lien only the
pro rata part of her debt which the 166 bush-
els levied upon bore to the 328 bushels of
wheat raised on the premises by the tenant.
We are of the opinion that the plaintiff was
entitled to recover the full value of said 166
bushels, or so much of said value as the rent
and advancements for the year amounted to.
Article 5475, V. S. Civ. Stats.; Wilkes v. Ad-
ler, 68 Tex. 689, 5 S. W. 497; 3 Rose's Notes,
867; Leverett v. Meeks, 29 Tex. Civ. App. 523,
68 S. W. 302; Beckham v. Collins, 54 Tex.
Civ. App. 241, 117 S. W. 432; Zapp v. Johnson,
87 Tex. 641, 30 S. W. 861; Boydston v. Mor-
ris, 71 Tex. 697, 10 S. W. 331; Jackson v.
Corley, 30 Tex. Civ. App. 417, 70 S. W. 570.
These authorities, and others which might
be cited, hold that a purchaser of the crops
of a tenant, who is indebted to his landlord
for rent, supplies, or advancements is liable
to the landlord for conversion and that his
liability is to the extent of so much of the
converted crops as may be necessary to satis-
fy the landlord's claim.   The principle of
marshaling of securities is not here involved,
because the evidence shows that the tenant
sold a part of the 166 bushels, disposed of by
him, before the defendant levied its execu-
tion writ, to wit, June 22, 1918, and that he
disposed of the remaining wheat during said
June; that the plaintiff was at her home in
another county when the tenant sold his
wheat and when the execution was levied by
defendant, and was not informed thereof un-
til after the same had occurred.

We overrule appellees' objection to the con-
sideration of appellant's two assignments,
made on the stated ground that the same

constituted no part of her motion for a new trial in this case. We are of the opinion that in her motion for new trial plaintiff assigned substantially the same errors that are presented in her brief.

For the reasons stated, so much of the judgment as awarded plaintiff recovery against defendant for only $217.15 will be reformed so as to allow her a recovery against defendant in the sum of $332, with costs of suit, etc. As so reformed, the judgment will be affirmed.

Reformed and affirmed.