GREEN et al. v. SCALES. (No. 9189.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 13, 1919. Rehearing Denied Jan. 17, 1920.)

1. LANDLORD AND TENANT ⟺252(5)—AVERMENT OF NOTICE OF LANDLORD'S LIEN TO PURCHASERS HELD SUFFICIENT.

Plaintiff's allegation of notice to defendants, before they purchased the bale of cotton in controversy, that he claimed a "landlord's lien on said cotton for the full amount that said cotton brought," constituted sufficient allegation of notice that plaintiff was claiming the bale of cotton, or its value or proceeds, to satisfy his lien, and averred the notice sufficiently as against general demurrer.

2. ACTION ⟺11 — CAUSE OF ACTION ARISES WITHOUT DEMAND WHEN OBLIGATION COMPLETE.

When an obligation to pay is complete, a cause of action at once arises, and no formal demand is necessary.

3. LANDLORD AND TENANT ⟺246(2) — LIEN EXTENDS TO WHOLE CROP AND IS NOT SATISFIED UNTIL PAYMENT.

A landlord's preference lien, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5475 et seq., as amended by Laws 1915, c. 38 (Vernon's Ann. Civ. St. Supp. 1918, art. 5475), on indicated property of the tenant, extends to all of the crop raised, and the lien is not satisfied until all of the rent and advances have been paid.

4. LANDLORD AND TENANT ⟺256—WORKING OF PLACE BY TENANT'S SON DID NOT DESTROY TENANCY.

If one tenant made the contract of rental with the landlord, the fact that he did not live on the place, but that his son, a married man, did so, worked the farm, and made a crop, did not of itself destroy the relation of landlord and tenant existing between the landlord and the occupant's father; and the landlord had a lien on all crops whether the land was cultivated by the tenant in person or by such agent or subtenant.

5. LANDLORD AND TENANT ⟺252(5) — EVIDENCE HELD TO MAKE PRIMA FACIE PROOF THAT COTTON WAS RAISED ON PREMISES BY TENANT AND SO SUBJECT TO LIEN.

In a landlord's action to enforce his lien on a bale of cotton grown on the rented premises, evidence *held* sufficient to make prima facie proof that the bale was raised on the landlord's premises during the particular crop year, either by the tenant himself, or by an agent or subtenant, his son.

6. LANDLORD AND TENANT ⟺254(2)—REMOVAL OF CROP TO BE PREPARED FOR MARKET DOES NOT WAIVE LIEN.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5478a, removal of agricultural products to be prepared for market, as cotton for ginning, does not constitute a waiver of the landlord's lien, which continues and attaches to the product so removed as if remaining on the rented premises.

7. EVIDENCE ⟺75—PRESUMPTION FROM FAILURE TO PRODUCE.

Failure to produce evidence within a party's control raises a presumption that, if produced, it would operate against him, and every intendment will be in favor of the opposite party.

Appeal from Jones County Court; J. F. Lindsey, Judge.

Action by H. S. Scales against W. M. Green and others. From judgment for plaintiff, defendants appeal. Affirmed.

Joe C. Randel and C. P. Chastain, both of Hamlin, for appellants.
Walter S. Pope, of Anson, for appellee.

BUCK, J. [1] We hold the trial petition of plaintiff good as against a general demurrer. Plaintiff alleged notice to defendants Green & Son, before they purchased the bale of cotton in controversy, that he claimed a "landlord's lien on said cotton for the full

amount that said cotton brought." This constituted sufficient allegation of notice that plaintiff was claiming the bale of cotton or its full value or entire proceeds to satisfy his landlord's lien, and sufficiently averred, as against a general demurrer, such notice.

[2] When an obligation to pay is complete, a cause of action at once arises, and no formal demand is necessary. Ballew v. Casey, 60 Tex. 573. The further allegation or admission contained in the petition that said defendants, after such notice, "persisted in purchasing same and converted to their own use $108.15, the proceeds of said bale of cotton, less $36.05 paid as rent due," would not negative or limit the allegation before made that said defendants had actual notice of the claim of plaintiff to the full value of the cotton; but rather reiterates and strengthens the former allegation.

[3] Articles 5475 et seq., V. S. Tex. Civ. Stats., as amended by Act of March 15, 1915 (Laws 1915, c. 38 [Vernon's Ann. Civ. St. Supp. 1918, art. 5475]), give the landlord a preference lien upon the indicated property of the tenant "for any rent that may become due and for all money and the value of all animals, tools, provisions, and supplies furnished by the landlord to the tenant to make a crop on such premises," etc. This lien extends to all of the crop raised, and the lien is not satisfied until all of the rent and advances have been paid. Wilkes v. Adler, 68 Tex. 689, 5 S. W. 497; Vol. 3 Rose's Notes, 867; Leverett v. Meeks, 29 Tex. Civ. App. 523, 68 S. W. 302; Beckham v. Collins, 54 Tex. Civ. App. 241, 117 S. W. 432; Zapp v. Johnson, 87 Tex. 641, 30 S. W. 861; Boydston v. Morris, 71 Tex. 697, 10 S. W. 331; Jackson v. Corley, 30 Tex. Civ. App. 417, 70 S. W. 570; and Fields v. Fields (No. 9125) 216 S. W. 195, recently decided by this court, not yet officially published.

Plaintiff was the only witness who testified in the case, though the judgment recites that defendant H. A. Welty, the tenant, and W. W. Green, one of the firm of Green & Son, were present at the trial. It is urged by appellant that the evidence fails to show: (1) That the bale of cotton in controversy was raised on the rented premises belonging to plaintiff. (2) That said cotton was raised on said premises during the crop year of 1917. (3) That defendant Welty was indebted to plaintiff for supplies furnished for that year in any amount. (4) That H. A. Welty was the tenant of the plaintiff during said year. (5) That plaintiff alleged or proved any demand upon Green & Son for the possession of said cotton. (6) That the cotton in controversy was purchased by Green & Son within one month after its removal from the rented premises.

[4] Plaintiff testified that he rented his farm in Jones county to the defendant H. A. Welty for the year 1917, and that the latter was to pay him as rent one-third of the feedstuff and one-fourth of the cotton raised thereon; that J. W. Welty, son of H. A. Welty, lived on plaintiff's farm, and that H. A. Welty lived on the farm of a Mr. Noble; but that J. W. Welty did not owe plaintiff anything, but lived on said farm as H. A. Welty's "help." If H. A. Welty made the contract of rental with plaintiff, the fact that he did not live on the place, but that his son, a married man, did, and worked the farm and made the crop, would not ipso facto destroy the relation of landlord and tenant existing between plaintiff and H. A. Welty by reason of the contract between them. The landlord has a lien on all crops raised on the rented premises whether the land was cultivated by the tenant in person or by his agent, or subtenant. Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481.

[5, 6] We think a reasonable construction of the testimony shown in the statement of facts makes prima facie proof that the bale of cotton was raised on plaintiff's premises, during the crop year of 1917, either by H. A. Welty himself or by his agent or subtenant, J. W. Welty. Scales testified that H. A. Welty made a cotton crop on the rented premises for 1917; that he had only applied two bales of the 1917 crop in payment of the account; that about October 4, 1917, Welty brought to Hamlin a bale of cotton taken from the rented premises; that he sold this bale to Green & Son, but did not apply the proceeds to the payment of the claim for supplies, amounting to $144.20; that the cotton was sold the same day it was ginned, and the number and weight of the bale and the price received therefor were shown; that according to his recollection either J. W. Welty or Tom Ruth brought plaintiff Green & Son's check for $36.05. Plaintiff further testified that he had declined to furnish John Welty supplies or to stand good therefor, as he had not rented him any land. Counsel for plaintiff, while the latter was on the stand, exhibited to plaintiff an itemized list of supplies furnished defendant H. A. Welty, aggregating $183.04, and he testified that the list was correct and showed the correct amount due, to wit, $144.20. This list was attached to plaintiff's petition. No question was raised by defendant as to the correctness of the list, and evidence as to the correctness of the items and the balance due was before the jury, even though the record fails to show that the statement itself was formally introduced. There is nothing in the testimony to suggest that at the time of the sale to Green & Son the cotton had been removed from the leased premises more than a month. The testimony of plaintiff that the bale was sold the day after it was ginned, in the absence of evidence to the contrary and in view of the general practice among farmers to haul their cotton to the gin as

soon as it is picked, of which general practice we may take judicial notice, is sufficient to show that a month had not elapsed from the time of the removal of the cotton from the premises until it was sold. The removal of agricultural products for the purpose of being prepared for market does not constitute a waiver of the landlord's lien, and such lien continues and attaches to the product so removed the same as if they had remained on such rented or leased premises. Article 5478a, V. S. Tex. Civ. Stats.

[7] Moreover, with reference to many of the questions raised as to the sufficiency of the evidence to sustain the judgment upon peremptory instruction, it may be said that the failure to produce evidence within a party's control 'raises the presumption that if produced it would operate against him, and every intendment will be in favor of the opposite party. Farmers' Guaranty State Bank v. Burrus Mill & Elev. Co., 207 S. W. 400; Hazelrigg v. Naranjo, 184 S. W. 316; Sullivan v. Fant, 160 S. W. 612; Pullman Co. v. Cox, 56 Tex. Civ. App. 327, 120 S. W. 1058; Bailey v. Hicks, 16 Tex. 222.

We believe the evidence was sufficient to authorize the trial court to give a peremptory instruction, and all assignments are overruled, and the judgment is affirmed.