FUSSELL & IRVIN v. M. KANGERGA & BRO.  (No. 919.)

(Court of Civil Appeals of Texas. Beaumont. June 14, 1923.)

1. Courts ⟷170—Jurisdiction of county court in conversion suit not affected by failure to allege value of converted property in prior foreclosure suit embracing the conversion allegations.

Where, in a suit to foreclose a chattel mortgage and collect a note, plaintiffs alleged that third parties had converted a three-fourths interest in four bales of mortgaged cotton, valued at $225, and on plea of privilege the cause as to conversion was transferred to the county court of another county, plaintiffs' failure to allege the value of the mortgaged property in the original suit did not oust the county court of jurisdiction, where the balance of plaintiffs' debt largely exceeded value of cotton, but was less than maximum jurisdictional amount.

2. Chattel mortgages ⟷177(1)—Mortgagee suing third parties for conversion of the mortgaged property need not produce valid judgment against mortgagor nor join mortgagor.

Where, in a suit to foreclose a chattel mortgage and collect a note, plaintiffs alleged that third parties had converted cotton covered by the mortgage and on plea of privilege the cause as to conversion was transferred to county court of another county, a valid judgment against the mortgagor was not a condition precedent to liability of third parties for the conversion nor was the mortgagor a necessary party to the action, the amount of plaintiffs' debt remaining after the foreclosure exceeding the value of the converted property.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Action by M. Kangerga and another against Fussell & Irvin. Judgment for plaintiffs, and defendants appeal. Affirmed .

S. M. Adams, of Nacogdoches, for appellants.

Futch & Cooper, of Henderson, for appellees.

WALKER, J. This is an appeal from a judgment of the county court of Nacogdoches county. Appellees instituted this suit in the county court of Rusk county to recover upon a note executed to them by one Jasper Williams and to foreclose a chattel mortgage lien upon certain described property. The allegation was made by appellees that appellants had converted a three-fourths interest in four bales of lint cotton, covered by their mortgage, of the value of $225. Upon the trial of the case in Rusk county, judgment was rendered in favor of appellees against Williams for the amount of their debt and for the foreclosure of their lien. The trial court sustained appellants' plea of privilege, and transferred the case, as between them and appellees, to Nacogdoches county. Upon the trial of the case between appellants and appellees, judgment was rendered in favor of appellees for the value of the cotton as described in their petition. On the trial court's conclusions of law and fact, it appears that the property covered by appellees' mortgage, except that in controversy was seized and sold under an order of sale issued on the Rusk county judgment and that the balance of appellees' debt largely exceeded the value of the cotton, but was much less than $1,000.

### Opinion.

[1, 2] The only point made on this appeal is that the county court of Nacogdoches county did not have jurisdiction of the amount in controversy. It appears that no allegation was made by appellees, in their original petition, as to the value of the mortgaged property. Appellants advance the proposition that appellees could not recover against them without showing a valid judgment in their favor against Williams. This proposition is without merit. As between appellants and appellees, on the allegations of appellees' petition, this was a suit for conversion, and not a suit to foreclose a mortgage lien. Appellees alleged the value of the property in controversy between them and appellants. Inasmuch as it appears that appellees' debt against Williams was not satisfied and exceeded the value of the cotton in controversy, they had a cause of action against appellants to which Williams was not a necessary party. Boydston v. Morris, 71 Tex. 697, 10 S. W. 331; Busch v. Broun (Tex. Civ. App.) 152 S. W. 687; Focke v. Blum, 82 Tex. 436, 17 S. W. 770.

Affirmed.